RECEIVED BY MAIL

JAN 0 9 2026

Clerk, U.S. District Court
Fergus Falls, Minnesota

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

### FERGUS FALLS DIVISION

| | | |
|---|---|---|
| CHAD CANE,<br>Plaintiff, | ) ) ) | Case no. 26 cv 132 JMB/LIB |
| vs. | ) ) | |
| CASS COUNTY, MINNESOTA,<br>a political subdivision of the State of Minnesota,<br>Defendant. | ) ) ) ) ) ) ) | **COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND CONSTITUTIONAL RELIEF (28 U.S.C. §§ 1331, 1343, 1367, 2201; 42 U.S.C. § 1983)**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This case turns on a single, threshold question: whether Cass County possessed statutory authority to issue or enforce homeowner building permits without complying with Minn. Stat. § 326B.85.

2. Minnesota law conditions a county's authority to regulate unlicensed homeowners on strict compliance with § 326B.85, which requires transmission of homeowner-issued building permits to the Minnesota Department of Labor and Industry ("DLI") within two business days of issuance. That statutory requirement is mandatory and is the mechanism by which state oversight (and lawful jurisdiction) is triggered.

3. Cass County has for years ignored this requirement. It has issued permits to unlicensed homeowners, collected fees, conducted inspections, and threatened enforcement—without transmitting permits to DLI and without ever invoking lawful regulatory authority under Minnesota law.

4. Where a governmental entity acts without statutory authority, its actions are ultra vires and void. Any enforcement actions taken pursuant to such a scheme have no

SCANNED
JAN 0 9 2026
U.S. DISTRICT COURT FF

legal effect. The constitutional violations alleged in this Complaint flow directly from that absence of authority and are not independent policy disputes or discretionary disagreements.

5. Plaintiff seeks declaratory and injunctive relief to halt an ongoing, unlawful permitting regime; nominal damages under 42 U.S.C. § 1983; and costs and fees under § 1988. Plaintiff does not challenge lawful building regulation. He challenges a permitting and enforcement scheme that never lawfully came into existence.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

8. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 57 and 65.

9. Venue is proper under 28 U.S.C. § 1391(b) because all relevant events occurred in Cass County, Minnesota.

10. This action is not a collateral attack on any state court judgment and is not barred by the Rooker–Feldman doctrine. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

## PARTIES

11. Plaintiff Chad Cane is a homeowner and resident of Cass County, Minnesota who is subject to the County's building permit regime.

12. Defendant Cass County is a political subdivision of the State of Minnesota that issues and enforces building and land use permits within its jurisdiction.

## FACTUAL BACKGROUND

### A. Statutory Framework: Minn. Stat. § 326B.85

13. Minnesota law regulates homeowner construction through a carefully balanced

2

statutory scheme. When a homeowner who is not licensed applies for a building permit, the Legislature required an additional safeguard: state-level notification and oversight.

14. Minn. Stat. § 326B.85 provides, in relevant part:

"If the owner of residential real estate applies for a building permit to improve or construct a residence and is not licensed, the municipality shall provide a copy of the permit to the commissioner within two business days of issuance."

15. This requirement is mandatory. When the Legislature prescribes a specific method by which authority is exercised, that method must be followed. *In re Excess Surplus Status of Blue Cross & Blue Shield of Minn.*, 624 N.W.2d 264, 277 (Minn. 2001).

16. Acts taken without compliance with statutory prerequisites are void. *State ex rel. Spurck v. Civil Serv. Bd.*, 226 Minn. 240, 248 (1948).

17. Absent transmission to DLI as required by § 326B.85, a county lacks lawful authority to regulate, inspect, or enforce conditions against unlicensed homeowners.


**B. Cass County's Systemic Noncompliance**

18. Cass County has systematically failed to comply with Minn. Stat. § 326B.85.

19. Plaintiff obtained and reviewed the official DLI permit database covering the period from 2022 to the present. Cass County does not appear in the database at all, despite issuing multiple homeowner permits during that period.

20. In Barclay Township alone, Plaintiff identified at least nine homeowner permits issued by Cass County between 2022 and 2025 that were never transmitted to DLI.

21. This absence is not the result of clerical error or isolated oversight. It reflects a consistent, institutional practice of issuing and enforcing permits without invoking state oversight or lawful jurisdiction.

22. This systemic noncompliance was further confirmed by Cass County's own records, which show no transmission of homeowner permits to DLI, despite statutory obligations and direct requests.

23. By bypassing DLI entirely, Cass County operates a closed-loop system in

3

which it acts as regulator, inspector, and enforcer, without statutory authorization.

24. In response to a formal Government Data Practices Act request, Cass County produced all communications with the Minnesota Department of Labor and Industry (DLI) from November 28, 2023, to April 18, 2025. None of the disclosed records contain any permit transmissions or DLI notifications related to Barclay Township. This confirms that Cass County failed to comply with § 326B.85 even after being placed on notice of statutory obligations.

## C. Scope of the Unlawful Scheme

25. As part of this ultra vires permitting regime, Cass County requires homeowners to complete and sign standardized permit forms purporting to authorize inspections, enforcement actions, and other conditions.

26. These forms illustrate the scope of demands imposed under a scheme that lacked statutory authority to exist in the first place. A true and correct copy of a representative form is attached as Exhibit C.

27. Because Cass County lacked authority to issue or enforce the underlying permits, it likewise lacked authority to demand any conditions, certifications, or acknowledgments associated with them.

## D. Harm to Plaintiff

28. Plaintiff has been subjected to, and remains under threat of, enforcement actions arising from a permitting scheme that is void under Minnesota law.

29. The ongoing risk of inspections, penalties, or abatement under an unlawful regime constitutes a continuing deprivation of legally protected interests.

## CLAIMS FOR RELIEF

### COUNT I

### ULTRA VIRES GOVERNMENT ACTION
### (State Law Claim – Supplemental Jurisdiction)

30. Plaintiffs incorporates paragraphs 1–29.

31. Cass County's authority to regulate homeowner construction exists only to the

4

extent authorized by statute.

32. By issuing and enforcing homeowner permits without complying with Minn. Stat. § 326B.85, Cass County acted beyond the scope of its delegated authority.

33. All permits issued, fees collected, inspections conducted, and enforcement actions taken under this noncompliant scheme are ultra vires and void.

## COUNT II

### VIOLATION OF PROCEDURAL DUE PROCESS
### (42 U.S.C. § 1983)

34. Plaintiffs incorporates paragraphs 1–29.

35. Acting under color of law, Cass County subjected Plaintiff to enforcement actions that lacked any lawful statutory basis.

36. Enforcement actions taken without lawful authority constitute deprivations of property without due process of law, in violation of the Fourteenth Amendment.

37. Plaintiff seeks nominal damages pursuant to *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021).

## COUNT III

### MONELL LIABILITY – POLICY OR CUSTOM
### (42 U.S.C. § 1983)

38. Plaintiffs incorporates paragraphs 1–29.

39. Cass County's failure to comply with Minn. Stat. § 326B.85 reflects a widespread and longstanding policy or custom.

40. The complete absence of Cass County permit transmissions in the DLI database over multiple years confirms that this practice is institutional, not accidental.

41. Cass County's policymakers knew or should have known of the statutory requirements and deliberately failed to comply, demonstrating deliberate indifference to constitutional and statutory limits.

42. Even when prompted through a formal records request, Cass County was unable to produce a single communication with DLI reflecting permit reporting or

5

transmission, reinforcing the institutional nature of the violation.

43. Cass County is therefore liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## COUNT IV

## DECLARATORY AND INJUNCTIVE RELIEF
## (28 U.S.C. § 2201)

44. Plaintiffs incorporates paragraphs 1–29.

45. Plaintiff seeks a declaration that:

a. Cass County's failure to comply with Minn. Stat. § 326B.85 deprives it of authority to issue or enforce homeowner permits;

b. Enforcement actions taken under such permits are void and unenforceable.

46. Plaintiff further seeks an injunction prohibiting Cass County from:

a. Issuing or enforcing homeowner permits without compliance with § 326B.85;

b. Collecting fees or imposing penalties under an ultra vires permitting scheme.

47. Injunctive relief is necessary to prevent continuing unlawful enforcement.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Declare Cass County's permitting and enforcement scheme unlawful and ultra vires;

B. Enjoin further enforcement absent statutory compliance;

C. Award nominal damages under 42 U.S.C. § 1983;

D. Award costs and attorney's fees under 42 U.S.C. § 1988; and

E. Grant such further relief as the Court deems just and proper.

Respectfully submitted, January 5th, 2026

Chad Cane
1586 24th Street SW
Pine River, MN 56474
chadcane@icloud.com

## EXHIBITS

- Exhibit A – DLI Permit Spreadsheet showing no submissions in Cass County (2022–Present)

- Exhibit B – Cass County Permits issued to homeowners (Barclay Township)

- Exhibit C – Sample Cass County Permit Application Form

- Exhibit D – Cass County email production (April 18, 2025)

- Exhibit D1 – Cass County records proving no applications were transmitted to DLI.

- Exhibit D2 – Cass County records proving enforcement occurred anyway.