# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

### FERGUS FALLS DIVISION

RECEIVED BY MAIL
APR 13 2026
Clerk, U.S. District Court
Fergus Falls, Minnesota

CHAD CANE,
Plaintiff,

vs.

CASS COUNTY, MINNESOTA,
a political subdivision of the State of Minnesota,
Defendant.

Case no. 0:26-cv-00132(JMB-LIB)

**FIRST AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND CONSTITUTIONAL RELIEF (28 U.S.C. §§ 1331, 1343, 1367, 2201; 42 U.S.C. § 1983)**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff brings this action under 42 U.S.C. § 1983 to challenge Cass County's repeated and systemic enforcement of residential building permit requirements in a manner that bypasses the mandatory referral and review procedures required by Minn. Stat. § 326B.85.

2. Cass County has maintained a longstanding policy, custom, and practice of enforcing permit requirements without transmitting covered applications to the Minnesota Department of Labor and Industry ("DLI") as the statute requires, notwithstanding repeated notice of that noncompliance.

3. By enforcing permit requirements against Plaintiff through that noncompliant process, Cass County deprived Plaintiff of property interests protected by the Fourteenth Amendment, including the right to be free from arbitrary enforcement of permitting restrictions without the process that state law makes mandatory.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

SCANNED
APR 13 2026
U.S. DISTRICT COURT FF

5. Venue is proper in the Fergus Falls Division of the District of Minnesota under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Cass County, Minnesota.

## PARTIES

6. Plaintiff Chad Cane is a resident and property owner in Cass County, Minnesota.

7. Defendant Cass County, Minnesota, is a political subdivision of the State of Minnesota responsible for administering building permit enforcement under state law.

## STATUTORY FRAMEWORK

8. Minn. Stat. § 326B.85 requires local jurisdictions, in covered circumstances, to transmit building permit applications involving unlicensed individuals to DLI within two business days.

9. Local jurisdictions may not treat such applications as exempt from the state referral and oversight process.

10. The statute imposes mandatory procedures that condition the County's ability to administer and enforce permit requirements in covered matters.

## FACTUAL ALLEGATIONS

### County Noncompliance

11. Exhibits A through D2 identify multiple permit applications and enforcement matters between 2022 and 2025 in which Cass County failed to transmit covered applications to DLI as required by Minn. Stat. § 326B.85.

12. In those same matters, the County proceeded to issue permits or enforcement notices without the statutory referral and oversight process, including matters involving unlicensed homeowners and properties located in Barclay Township and elsewhere in the County.

13. The repeated failures described above were not isolated mistakes but reflect a continuing and widespread practice known to senior County officials, including members of the Cass County Board of Commissioners and supervisory staff.

14. Despite actual notice of this statutory noncompliance, the County continued the same noncompliant enforcement practice against homeowners, including Plaintiff.

### Plaintiff's Experience

15. Plaintiff owns residential property in Cass County and intended to make lawful improvements to that property.

16. Plaintiff did not submit a permit application because Cass County had already taken the position, through repeated written notices, that he was required to obtain a permit and comply with County enforcement directives before proceeding.

17. On February 2, 2023, Cass County sent Plaintiff a written notice asserting that a residential building permit was required.

18. On March 16, 2023, the County repeated that assertion in a second written communication.

19. On September 20, 2023, the County warned Plaintiff that enforcement would follow if he did not comply.

20. On December 18, 2025, the County threatened fines and stop-work action if Plaintiff proceeded without County approval.

21. Each communication was issued under color of state law and reflected the County's official enforcement posture.

22. Because the County bypassed the transmission and review procedures required by Minn. Stat. § 326B.85, Plaintiff was denied the process that statute requires before enforcement may proceed, and he refrained from undertaking lawful improvements to avoid penalties.

23. The County's repeated threats have created an ongoing and credible risk of enforcement, chilling Plaintiff's use and enjoyment of his property.

## COUNT I – PROCEDURAL DUE PROCESS

24. Plaintiff realleges paragraphs 1 through 23.

25. Minn. Stat. § 326B.85 creates a protected, state-created entitlement to have covered permit matters routed through the statutory referral and review process before the County may proceed with enforcement, thereby limiting the County's discretion to bypass that process.

26. Cass County, acting under color of law, repeatedly threatened and attempted to enforce permit requirements against Plaintiff while bypassing the mandatory statutory referral and review process, depriving Plaintiff of property interests protected by the Fourteenth Amendment without constitutionally adequate process.

27. As a direct and proximate result, Plaintiff was chilled from making lawful improvements to his property, suffered loss of use and enjoyment, and faces continuing injury for which he is entitled to declaratory, injunctive, nominal, and compensatory relief.

## COUNT II – MUNICIPAL LIABILITY (MONELL)

28. Plaintiff realleges paragraphs 1 through 27.

29. Cass County maintained a continuing policy and custom of enforcing residential building permit requirements without complying with Minn. Stat. § 326B.85 in covered matters.

30. That practice was widespread, persistent, and known to County policymakers, including the Cass County Board of Commissioners and supervisory officials, who received notice of repeated noncompliance yet failed to end it.

31. The County's policy and custom were the moving force behind the enforcement notices and threatened penalties directed at Plaintiff, because those actions were taken pursuant to the same longstanding noncompliant enforcement practice.

32. As a result, Plaintiff was deprived of rights secured by the Fourteenth Amendment.

## COUNT III – DECLARATORY RELIEF

33. Plaintiff realleges paragraphs 1 through 32.

34. A bona fide and actual controversy exists regarding whether Cass County may continue to enforce permit requirements against Plaintiff without complying with the procedures required by Minn. Stat. § 326B.85 and the Constitution.

35. Plaintiff seeks a declaration that any enforcement action undertaken by the County in violation of the statutory referral and review procedures would be unlawful and unconstitutional.

## COUNT IV – INJUNCTIVE RELIEF

36. Plaintiff realleges paragraphs 1 through 35.

37. Plaintiff lacks an adequate remedy at law because monetary damages alone will not prevent ongoing and threatened enforcement under the same noncompliant practice.

38. Plaintiff therefore seeks a permanent injunction prohibiting Cass County from enforcing permit requirements against Plaintiff unless and until the County complies with the procedures required by Minn. Stat. § 326B.85 and the Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that Cass County's threatened and actual enforcement of permit requirements without following the procedures mandated by Minn. Stat. § 326B.85 and the Constitution violates Plaintiff's rights;

B. Permanently enjoin Cass County from enforcing permit requirements against Plaintiff absent compliance with Minn. Stat. § 326B.85 and constitutional procedural protections;

C. Award nominal, compensatory, and punitive damages as allowed under 42 U.S.C. § 1983;

D. Award attorney's fees and costs under 42 U.S.C. § 1988; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: April 7, 2026

Respectfully submitted,

Chad Cane
1586 24th Street SW
Pine River, MN 56474
chadcane@icloud.com

**EXHIBITS**

- Exhibit A – DLI Permit Spreadsheet showing no submissions in Cass County (2022–Present)
- Exhibit B – Cass County Permits issued to homeowners (Barclay Township)
- Exhibit C – Sample Cass County Permit Application Form
- Exhibit D – Cass County email production (April 18, 2025)
- Exhibit D1 – Cass County records proving no applications were transmitted to DLI.
- Exhibit D2 – Cass County records proving enforcement occurred anyway.
- Exhibit E – Farm Journal article