## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Chad Cane,

      Plaintiff,

v.

Cass County, Minnesota, a political
subdivision of the State of Minnesota,

      Defendant.

Case No. 0:26-CV-00132-JMB-LIB

**ANSWER**

---

For its Answer to the Complaint of Plaintiff Chad Cane ("Plaintiff"), Defendant Cass County ("County") states and alleges as follows:

1. Denies each and every allegation, matter, and thing contained in the Complaint, except as expressly admitted in this Answer.

2. As to any statement, interpretation, or opinion asserted by Plaintiff of what the law is, what the law requires, or the County's obligations under the law, denies the Plaintiff's statements, interpretations, and opinions and affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading, that the referenced statutes speak for themselves, that the law is not necessarily as stated or characterized by Plaintiff, that the referenced laws do not necessarily apply under the facts of this matter, and that questions of law present issues for the Court to decide.

3. As to any allegation made by Plaintiff for what any document or writing states, means, or requires, affirmatively alleges that such documents and writings speak for

1

themselves, do not necessarily state what Plaintiff says they do, and do not necessarily support the proposition for which they are cited or referenced.

4. As to Paragraph 1, admits only that Plaintiff appears to be bringing claims against the County pursuant to 42 U.S.C. § 1983 and that Plaintiff appears to be claiming the County is enforcing its residential building permit requirements in a manner that is contrary to Minnesota Statutes section 326B.85.

5. Denies the allegations in Paragraphs 2 and 3 and puts Plaintiff to his strictest proof thereof.

6. As to Paragraphs 4 and 5, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading.

7. As to Paragraph 6, upon information and belief, admits only that Plaintiff is a resident of the County.  As to the remaining allegations, denies.  The County affirmatively asserts, upon information and belief, that Plaintiff does not own or have any legal interest in any real property in the County.

8. As to Paragraph 7, admit only that Cass County is a political subdivision of the State of Minnesota. As to the remaining allegations, deny.

9. As to Paragraphs 8, 9, and 10, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading, that the law is not necessarily as stated or characterized by Plaintiff, and that questions of law present issues for the Court to decide.  Affirmatively asserts that Minnesota Statutes section 326B.85 speaks for itself.

10. As to Paragraph 11, admit only that Exhibit B and Exhibit D2, in part, contain

completed residential building permit applications that appear to have been submitted to the County. As the remaining allegations, deny. Affirmatively asserts that the County was not required to transmit these residential building permit applications to the Minnesota Department of Labor and Industry.

11. Denies the allegations in Paragraph 12 and affirmatively asserts that the residential building permit applications attached as Exhibits to the Complaint were exempt from the reporting procedures of Minnesota Statutes section 326B.85.

12. Denies the allegations in Paragraph 13 and puts Plaintiff to his strictest proof thereof.

13. Denies the allegations in Paragraph 14 and affirmatively asserts that Plaintiff is not a residential property owner in the County.

14. Denies the allegations in Paragraph 15 and puts Plaintiff to his strictest proof thereof.

15. As to Paragraph 16, admits that Plaintiff has not submitted any residential building permit applications to the County. Denies the remaining allegations. Affirmatively asserts that the County informed Rhonda Aho, who owns property in the County with Parcel ID 02-033-3301 and a mailing address of 1586 24th Street SW, Pine River, Minnesota (the "Aho Property"), that she needed to obtain a permit for structures on the Aho Property, which upon information and belief, Plaintiff used to construct a residence for Ms. Aho and himself.

16. Denies the allegations in Paragraph 17 and affirmatively asserts that the County sent a letter to Ms. Aho on February 2, 2023, notifying her that, under the County's

3

Zoning Ordinance, she needed to obtain a permit for the several structures on the Aho Property.  The County affirmatively asserts that the letter speaks for itself and is not necessarily as characterized by Plaintiff.  A true and correct copy of the letter is attached hereto as Exhibit 1.

17. Denies the allegations in Paragraph 18.  Affirmatively asserts that the County sent a second letter to Ms. Aho on March 14, 2023, again notifying her of the permit requirement in the County's Zoning Ordinance.  The County affirmatively asserts the letter speaks for itself and is not necessarily as characterized by Plaintiff.  A true and correct copy of this letter is attached hereto as Exhibit 2.

18. As to Paragraph 19, admits only that by letter dated September 12, 2023, an attorney for the County informed Ms. Aho it would bring an enforcement action if she did not bring her property into compliance with the County's Zoning Ordinance, including by obtaining permits for structures on the property.  Specifically denies that the County warned Plaintiff of potential enforcement action.  A true and correct copy of this letter is attached hereto as Exhibit 3.

19. As to Paragraph 20, admits only that on December 18, 2025, an attorney for the County sent Ms. Aho a letter notifying her that she had thirty days to bring the Aho Property into compliance with the County's Zoning Ordinance, as ordered by the Cass County District Court.  Specifically denies that the County threatened Plaintiff.  A true and correct copy of this letter is attached hereto as Exhibit 4.

20. As to Paragraph 21, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading.

21. Denies the allegations in Paragraph 22 and affirmatively asserts that Plaintiff did not refrain from making improvements on Ms. Aho's property.

22. Denies the allegations in Paragraph 23 and puts Plaintiff to his strictest proof thereof.

23. Paragraph 24 is not susceptible to responsive pleading and, thus, denies the same.

24. As to Paragraphs 25, 26, and 27, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading, that the law is not necessarily as stated or characterized by Plaintiff, and that questions of law present issues for the Court to decide. As to the remaining allegations, denies and put Plaintiffs to his strictest proof thereof.  Affirmatively asserts the County has not caused any injury to Plaintiff.

25. Paragraph 28 is not susceptible to responsive pleading and, thus, denies the same.

26. As to Paragraphs 29, 30, 31 and 32, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading, that the law is not necessarily as stated or characterized by Plaintiff, and that questions of law present issues for the Court to decide. As to the remaining allegations, denies and puts Plaintiff to his strictest proof thereof.

27. Paragraph 33 is not susceptible to responsive pleading and, thus, denies the same.

28. As to Paragraphs 34 and 35, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading, that the law is not necessarily as stated or characterized by Plaintiff, and that questions of law present issues for the Court to decide. As to the remaining allegations, denies and puts Plaintiff to his strictest

proof thereof.

29. Paragraph 36 is not susceptible to responsive pleading and, thus, denies the same.

30. As to Paragraphs 37 and 38, affirmatively alleges that Plaintiff's legal conclusions are not susceptible to responsive pleading, that the law is not necessarily as stated or characterized by Plaintiff, and that questions of law present issues for the Court to decide. As to the remaining allegations, denies and puts Plaintiff to his strictest proof thereof.

31. Affirmatively alleges Plaintiff's Prayer for Relief, including Paragraphs A, B, C, D, and E, is not susceptible to responsive pleading and, thus, denies the same. Affirmatively alleges that Plaintiff is not entitled to any relief on his purported claims against the County.

32. Affirmatively alleges Exhibits A, B, C, D, D1, D2, and E are not susceptible to responsive pleading and do not require a response. Further affirmatively alleges that the Exhibits speak for themselves and are not necessarily as characterized by Plaintiff, are not relevant to Plaintiff's claims, and may not be true, correct, or complete copies of the documents they purport to be.

## AFFIRMATIVE DEFENSES

33. Affirmatively alleges there has been insufficient service of process in this matter.

34. Affirmatively alleges that Plaintiff does or may lack standing to bring the claims asserted and the relief sought in the Complaint.

35. Affirmatively alleges that all or part of the Complaint fails to state a claim upon which relief can be granted against the County.

36. Affirmatively alleges that this Court may lack jurisdiction over all or some of Plaintiff's claims.

37. Affirmatively alleges that Plaintiff's claims are not yet ripe for judicial review.

38. Affirmatively alleges that some or all of Plaintiff's claims may be barred by immunity, whether created by common law, statute, or otherwise, and whether set forth as absolute, qualified, conditional, official, good faith, or another type of immunity or privilege.

39. Affirmatively alleges that Plaintiff's claims may be barred by collateral estoppel, laches, and/or unclean hands.

40. Affirmatively alleges that Plaintiff's pursuit of frivolous claims entitles the County to recover its attorney fees, disbursements, and costs from Plaintiff.

WHEREFORE, the County prays that Plaintiff takes nothing against it by his pretended cause of action, that the same be dismissed with prejudice, and that the County recover judgment for its costs, disbursements, and attorneys' fees together with whatever other relief this Court deems just and equitable.

Dated: July 6, 2026

**SQUIRES, WALDSPURGER & MACE, P.A.**

By: */s/ Abigail R. Kelzer*
    Abigail R. Kelzer, Atty. No. 397392
    333 South Seventh Street, Suite 2800
    Minneapolis, MN 55402
    Phone: (612) 436-4300
    Fax: (612) 436-4340
    abbi.kelzer@raswlaw.com

**ATTORNEY FOR CASS COUNTY**