**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Chad Cane,

Plaintiff,

v.

Cass County, Minnesota, a political subdivision of the State of Minnesota,

Defendant.

Case No. 0:26-CV-00132-JMB-LIB

**DEFENDANT CASS COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

---

## INTRODUCTION

Plaintiff Chad Cane ("Plaintiff") brings this lawsuit alleging Defendant Cass County ("County") denied him his procedural due process rights by bypassing the "mandatory referral and review procedures" set forth in Minnesota Statutes section 326B.85. Plaintiff's claims appear to be based on an incorrect interpretation of section 326B.85, which does not apply to him. But even if it did, Plaintiff's claims cannot proceed because Plaintiff admittedly did not engage in the activity (i.e. applying for a permit) that would require the County to follow the process in section 326B.85, and he has no alleged protected property interest under the statute, assuming one exists in the first place. For these reasons, Plaintiff also failed to plead facts, that if true, would establish *Monell* liability. Plaintiff's remaining claims seeking declaratory and injunctive relief similarly have no basis in law. Accordingly, the County's motion for judgment on the pleadings should be granted in its entirety.

## FACTS[1]

Plaintiff resides on property located within the County (the "Property"). Doc. 5 at ¶ 6. The Property is, to the County's knowledge, solely owned by another individual, Rhonda Aho, who Plaintiff has identified as his "common law spouse." *See* Ex. 5 at 3.[2] Plaintiff and Ms. Aho constructed a residence from shipping containers on the Property. Doc. 5-2 at 60-61. For over three years, the County has attempted to bring the Property into compliance with the County's Land Use Ordinance.

Section 501 of the County's Land Use Ordinance requires landowners to secure certain permits, including for "construction of residences," from the County. Ex. 7. In light of this requirement and the construction on the Property, the County contacted Ms. Aho on numerous occasions requesting she obtain the requisite land use permit. Doc. 12-1, 12-2, 12-3, and 12-4.[3] Ultimately, Ms. Aho never applied for a land use permit, which ultimately

---

[1] By relying on factual allegations asserted in the Amended Complaint for the limited purpose of its motion, the County does not agree to their accuracy or completeness and reserves the right to challenge Plaintiff's factual assertions if his claims against the County withstand this motion for judgment on the pleadings.

[2] Exhibits 1 through 7 are publicly available records. Exhibits 1 through 4 are public court records available through Minnesota Court Records Online ("MCRO") under case no. 11-CV-24-1083. Exhibits 5 and 6 are public court records available through Public Access to Electronic Court Records ("PACER") under case nos. 0:24-cv-00153-JWB-LIB and case no. 0:25-cv-3045-LMP-LIB, respectively. Exhibit 7 is available at through the County's public website at https://www.casscountymn.gov/DocumentCenter/View/2289/Land-Use-Ordinance-2025-01-PDF. These exhibits may be considered by a district court in a motion for judgment on the pleadings. *See Blakeley v. Schlumberger Tech Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

[3] The Exhibits to the County's Answer are "necessarily embraced" by the Complaint and can be considered by the Court on Rule 12(c) motion without converting the motion to one for summary judgment under Rule 56. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077,

led the County to initiate an enforcement action against Ms. Aho in Minnesota State Court.[4] Kelzer Decl. Ex. 1. As part of that action, the Minnesota State Courts effectively ordered Ms. Aho to obtain a land use permit. [5] Kelzer Decl. Exs. 2-4.

Plaintiff commenced this action on January 9, 2026.[6] Doc. 1. He subsequently filed an Amended Complaint on April 13, 2026. Doc. 5. On June 15, 2026, Plaintiff attempted to effectuate service of the Summons and Amended Complaint on Josh Stevenson, the Cass County Administrator. Doc. 9. However, instead of serving the Summons and Amended Complaint on Mr. Stevenson, a process server left the documents with Mr. Stevenson's Administrative Specialist Besty Woodford. *Id*.; Stevenson Decl. ¶ 4. The County raised this issue in its Answer to the Amended Complaint. Doc. 12 at ¶ 33. To date, Plaintiff has not

---

1079 (8th Cir. 1999). The Exhibits are copies of communications which Plaintiff references in Paragraphs 17, 18, 19, and 20 of the Amended Complaint. Under the precedent of this Circuit, the Court may review "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings," which includes these communications. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

[4] The County did not initiate any action against Plaintiff because Plaintiff was neither an owner nor agent of the property and had no responsibility to apply for permits under the County's Land Use Ordinance. *Id*.

[5] Ms. Aho appealed this order to the Minnesota Court of Appeals and then the Minnesota Supreme Court, both of which upheld the order. *Cass County v. Aho*, 2025 Minn. App. Unpub. LEXIS 806 (Minn. App. Oct. 13, 2026*); review denied* (Minn. Dec. 17, 2023).

[6] Plaintiff has brought several actions against the County or various County representatives in both federal and state courts since the County began attempting to enforce the Land Use Ordinance on the Property. All the lawsuits have been dismissed or closed. The County is not currently bringing a motion to declare Plaintiff a vexatious litigant, but the County requests the Court warn Plaintiff that if he continues to file frivolous lawsuits, particularly against the County, the Court may declare him a vexatious litigant.

personally served the Summons and Amended Complaint on Mr. Stevenson. Stevenson Decl. ¶ 5. He also has not served the Chair of the County Board of Commissioners or the County Attorney. *Id.*

In the Amended Complaint, Plaintiff asserts four claims against the County. He asserts a claim under 42 U.S.C. § 1983 alleging that the County violated his procedural due process rights by failing to adhere to statutory procedures under Minnesota Statutes section 326B.85. Doc. 5 at ¶¶ 24-27. Plaintiff also brings a *Monell* claim against the County alleging that the County deprived Plaintiff of his due process rights through its alleged "policy and custom of enforcing residential building permit requirements without complying with [Minnesota Statutes section 326B.85] in covered matters." *Id*. at ¶¶ 28-32. Finally, he seeks declaratory relief in the form of a declaration that "any enforcement action undertaken by the County in violation of the statutory referral and review procedures would be unlawful and unconstitutional," along with "a permanent injunction prohibiting Cass County from enforcing permit requirements against Plaintiff unless and until the County complies with the procedures required by Minn. Stat. §326B.85 and the Constitution." *Id*. at ¶¶ 3-38.

## STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is analyzed using the same standard applicable to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A motion for judgment on

the pleadings must be granted when the moving party establishes there is no dispute of material fact, and the party is entitled to judgment as a matter of law. *Id.*; *see also Lion Oil Co., v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996).

To withstand a motion for judgment on the pleadings, a complaint must contain a specific set of facts, which if proven true, would entitle the plaintiff to relief against the defendant under some cognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Martin v. Aubuchon*, 623 F.2d 1282, 1286, (8th Cir. 1980). The complaint, thus, must include both "enough facts to state a claim to relief that is *plausible* on its face," *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added), and a legitimate theory of relief. *See id*. A complaint that relies on "labels and conclusions," "naked assertions devoid of further factual enhancement," or a "formulaic recitation of the elements of a cause of action" is insufficient under Rule 12. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While a court must accept the non-moving party's well-pled factual allegations as true, a court need not accept the non-moving party's legal conclusions. *Brown v. Medtronic*, 628 F.3d 451, 459 (8th Cir. 2010).

## ARGUMENT

### I. Plaintiff Failed to Effectuate Proper Service on the County.

Under Federal Rule of Civil Procedure 4(j)(2), a plaintiff properly serves a county when they (1) "[deliver] a copy of the summons and of the complaint to its chief executive officer." This court has previously confirmed that "delivery" under the Rule "means personal service on the chief executive officer." *Tran v. Minn. DOT*, No. 06-108(DSD/JJG), 2006 U.S. Dist. LEXIS 76333, at *10-11 (D. Minn. Oct. 11, 2006).

Alternatively, Rule 4(j)(2) allows a plaintiff to (2) "[serve] a copy of each in the manner prescribed by that state's law for serving a summons on like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under the Minnesota Rules of Civil Procedure, a plaintiff properly serves a county if they personally serve a copy of the summons on either the county attorney or the chair of the county board. Minn. R. Civ. P. 4.03(e)(1).

A complaint must be dismissed when there has been insufficient service of process. Fed. R. Civ. P. 12(h)(1)(ii); *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986). Objection to sufficiency of service of process "must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *Id*. The Amended Complaint must be dismissed because Plaintiff failed to serve the County in accordance with Rule 4(j)(2).

Plaintiff attempted to serve the County on June 15, 2026, when a process server left a copy of the Summons and Amended Complaint with Betsy Woodford, Administrative Specialist for County Administrator Josh Stevenson. Doc. 9. Mr. Stevenson is the chief executive officer for the County. Stevenson Decl. at 1. Thus, it appears Plaintiff attempted service under Rule 4(j)(2)(A). The process server, however, did not personally serve the Summons and Amended Complaint on Mr. Stevenson, as required by the Rule. *Id.* at 2. Aside from this attempted service, Plaintiff has not personally served Mr. Stevenson, the County Attorney, or the County Board chair as required under the Federal or Minnesota Rules of Civil Procedure. *Id*.; Doc. 9. While the County raised this issue in its Answer to the Amended Complaint, Doc. 12 at ¶ 33, Plaintiff has not corrected this error in service. The Court must dismiss the Amended Complaint in its entirety because Plaintiff failed to

effectuate proper service of process under Rule 4(j)(2).

**II. Plaintiff Fails to State a Cognizable Procedural Due Process Claim.**

To prove his procedural due process claim, Plaintiff must demonstrate: (1) he has a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the County did not afford him adequate procedural rights prior to depriving him of the property interest at issue. *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 965-66 (8th Cir. 2016). Plaintiff alleges the County violated his procedural due process rights by failing to comply with Minnesota Statutes section 326B.85. But Plaintiff misinterprets the requirements and application of Minnesota Statutes section 326B.85, ultimately failing to plausibly allege the existence of a protected property right sufficient to give rise to a cognizable procedural due process claim. As such, Plaintiff's procedural due process claim must be dismissed.

<u>A. Section 326B.85 does not apply to Plaintiff.</u>

As an initial matter, Plaintiff incorrectly asserts Minnesota Statutes section 326B.85 creates a broad "entitlement to have covered permit matters routed through the statutory referral and review process before the County may proceed with enforcement." Doc. 5 at ¶ 25. The statute actually provides:

> A political subdivision shall not issue a building permit to an unlicensed person who is required to be licensed under sections 326B.802 to 326B.885. A political subdivision that issues zoning or land use permits in lieu of a building permit shall not issue those permits to an unlicensed person who is required to be licensed under sections 326B.802 to 326B.885. The political subdivision shall report the person applying for the permit to the [Commissioner of the Department of Labor and Industry] who may bring an action against the person.

Minn. Stat. § 326B.85, subd. 1. Put more simply, the statute prohibits a political subdivision, like a county, from issuing building or land use permits to unlicensed persons who are required to be licensed under Minnesota Statutes sections 326B.802 to 326B.885.Section 326B.85 also requires political subdivisions that receive an application for a building or land use permit from an unlicensed individual to notify the State. *Id*. at subds. 1 & 2. But the statute, notably, does not, as Plaintiff claims, create a referral and review process that must be completed before a political subdivision may take action to enforce its building or land use permit requirements or land use ordinances.

Plaintiff appears to believe Minnesota Statutes section 326B.85 applies to him as the individual who was engaging in construction on the Property. Setting aside the fact that Plaintiff admits he did not submit a permit application, Section 326B.85 applies only to an "unlicensed person required to be licensed under sections 326B.802 to 326B.885." Minn. Stat. § 326B.85, subd. 1. Persons required to be licensed under sections 326B.802 to 326B.885 are: (1) residential building contractors, (2) residential remodelers, (3) residential roofers, and (4) manufactured home installers. *See* Minn. Stat. § 326B.805, subd. 1. Here, Plaintiff has not alleged any facts indicating he falls within one of the categories of people required to be licensed. Nowhere in the Amended Complaint does Plaintiff allege that he is a residential building contractor, a residential remodeler, residential roofer, or a manufactured home installer.

Moreover, while the County's understanding is that Ms. Aho is the sole owner of the Property, accepting the factual allegation that he is the property owner in the Amended

Complaint as true, Plaintiff would fall outside the scope of section 326B.85. Doc. 5 at ¶ 15. "An owner of residential real estate who build or improves residential real estate" who either "occupies or will occupy the residential real estate for residential purposes" is specifically exempted from the licensure requirements under sections 326B.802 to 326B.885, including section 326B.85. *See* Minn. Stat. § 326B.805, subd. 6(3). Thus, Plaintiff has actually alleged he would qualify for the residential homeowner exemption under section 326B.805, subdivision 6(3). In either event, section 326B.85 and any procedural protections it may create plainly do not apply to Plaintiff because he falls outside the scope of individuals whose conduct is regulated under the statute.

B. <u>Section 326B.85 does not create a protected property interest.</u>

To the extent section 326B.85 creates a process that applies to Plaintiff, which the County denies, Plaintiff has failed to plausibly allege the existence of a property interest protected by the Due Process Clause. Courts apply a two-step analysis to determine whether the deprivation of a property interest violates procedural due process. *Littlefield v. Afton*, 785 F.2d 596, 600 (8th Cir. 1986). First, the court must look at whether the plaintiff has a constitutionally protected property interest. *Id*. If the plaintiff has a constitutionally protected property interest, the court then considers whether the plaintiff has a right to a predeprivation hearing. *Id*. "Property interests are created and their dimensions are defined by existing rules or understanding that stem from an independent source, such as state law, rules, or understandings that support claims of entitlement to certain benefits." *Id*. With respect to building permits specifically, the Eighth Circuit has held that an *applicant* for a building permit has a constitutionally protected property interest in the permit so long as

they have complied with all applicable legal requirements. *Id*. at 602; *Carolan v. Kansas City*, 813 F.2d 178, 181 (8th Cir. 1987). *See also Snyder v. Minneapolis*, 441 N.W.2d 781, 791 (Minn. 1989) (adopting and applying *Littlefield*).

Section 326B.85 does not create a protected property interest for any person in the first place. The statute simply prohibits government entities from issuing permits to certain individuals. To the extent that section 326B.85 even creates a protected property interest for individuals who apply for land use permits, Plaintiff has no protected property interest under the statute because he admittedly did not even apply for a land use permit from the County. Doc. 5 at ¶ 16. Under the precedent of this jurisdiction, only an applicant for a building permit may have a protected property interest in that permit. *Littlefield,* 785 F.2d at 602. And even if Plaintiff had applied for a land use permit – as the County had been requesting Ms. Aho do for years – he seemingly would not fall within the statute anyway, given (1) he does not claim to be a professional required to have a license, and (2) he claims to be an owner of the property. The statute provides a procedure for nonlicensed persons who are supposed to be licensed. Plaintiff does not claim to be one of these persons. Therefore, section 326B.85 creates no cognizable property interest in a building permit which Plaintiff can base his claim upon. Accordingly, Plaintiff's due process claim must therefore be dismissed because he has no cognizable property interest under section 326B.85 protected by the Due Process Clause.

## III. Plaintiff Cannot Succeed on His *Monell* Claim.

"A plaintiff may establish municipal liability under [Section] 1983 by proving that his or her constitutional rights were violated by an action pursuant to official municipal

policy or misconduct so pervasive among non-policymaking employees of the municipality so as to constitute a custom or usage with the force of law." *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (internal quotation marks omitted); *see also Sagehorn v. Independent Sch. Dist. No. 728*, 122 F. Supp.3d 842, 865 (D. Minn. 2015).

To be liable based on a custom or practice, there must be a pattern of "persistent and widespread" unconstitutional practices which became so "permanent and well settled" as to have the effect and force of law. *Jane Doe A. v. Spec. Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 646 (8th Cir. 1990) (citing *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978)). Such a custom must be established by showing: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and (3) that the plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation. *Id*. Additionally, a *Monell* claim requires that the plaintiff's federal rights have been violated and that the custom or policy caused the violation. *Anderson v. City of Hopkins*, 805 F. Supp. 2d 712, 722-23 (D. Minn. 2011); *Sagehorn*, 122 F. Supp. 3d at 866.

Plaintiff's *Monell* claim fails as a matter of law because he has failed to allege any violation of his constitutional rights. As discussed above, the County did not violate Plaintiff's procedural due process rights under Minnesota Statutes section 326B.85. By his own admission, Plaintiff never applied for a building permit in connection with the

Property. Doc. 5 at ¶ 16. And there was no denial of any due process rights connected to the County's efforts to enforce its Land Use Ordinance because no such action was taken against Plaintiff. See Kelzer Decl. Ex. 1; *see also* Doc. 12-1, 12-2, 12-3, 12-4.

Moreover, Plaintiff failed to plausibly allege an established custom or practice of unconstitutional conduct which caused a violation of his procedural due process rights. While Plaintiff asserts Exhibits A through D2 filed with the Amended Complaint indicate the County has a standing practice of noncompliance with Minnesota Statutes section 326B.85, a simple review of these exhibits makes clear that Plaintiff's assertion is without merit. Doc. 5 at ¶ 11. At most, Exhibits A through D2 show the County issued building permits to residential homeowners who applied for them and the County undertook enforcement proceedings against those individuals who did not comply with its Land Use Ordinance. *See generally* Doc. 5-2 at 10-59. None of the records Plaintiff provides in Exhibits A through D2 show the County granted a permit to an unlicensed individual who was required to be licensed under Minnesota law or a failure by the County to report unlicensed individuals who applied for a building permit. *See id*. Consequently, Plaintiff has failed to plausibly allege that the County has violated any of his constitutional rights and that any alleged violation was the result of an established County policy or practice. Plaintiff's *Monell* claim must be dismissed.

## IV. Plaintiff Has Not Plead a Cognizable Declaratory Judgment Claim.

While Plaintiff fails to plausibly allege any violation of his rights, he requests the Court enter a "declaration that any enforcement action undertaken by the County in violation of the statutory referral and review procedures would be unlawful and

unconstitutional." Doc. 5 at ¶ 38. Plaintiff's request must be dismissed because he failed to plausibly allege a controversy meeting the requirements of the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 22 U.S.C. § 2201 (a). To determine whether an actual controversy exists under the Declaratory Judgment Act, courts must evaluate whether "there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Caldwell v. Gurley Refining Co.*, 755 F.2d 645, 650 (8th Cir. 1985) (quoting *Maryland Casualty Co. v. Pacific Coal and Oil Co.*, 312 U.S. 270, 273 (1941). The controversy "must be definite and concrete touching the legal relations of parties having adverse interests." *Id*. at 650-51. *See also Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir. 1983). It must also "be one for which the court can grant specific and conclusive relief" and it must be present at all stages of the litigation. *Carson*, 719 F.2d at 933. In other words, to withstand a motion for judgment on the pleadings, a plaintiff must plausibly allege that they have suffered an actual or threatened injury, the injury can be traced to the defendant's actions, and the court can redress the injury by rendering a "favorable decision." *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004). Plaintiff's declaratory judgment claim fails because there is no controversy between the parties, and even if there were, Plaintiff has not alleged an actual or threatened injury.

Plaintiff claims "[a] bona fide and actual controversy exists" in relation to the County's efforts "to enforce permit requirements against Plaintiff without complying with the procedures required by [section 326B.85] and the Constitution." Doc. 5 at 34. While Plaintiff claims the County has taken enforcement action against him, the undisputable record shows the County has taken enforcement action against the owner of the Property, Ms. Aho. Kelzer Decl. Exs. 1-4; *see also* Docs. 12-1, 12-2, 12-3, and 12-4. In fact, the County's failure to include Plaintiff in the enforcement action was already the subject of litigation in both state and federal court. Kelzer Decl. Exs. 3 & 6.

Moreover, Plaintiff has only offered conclusory allegations that the County has failed to comply with section 326B.85. For example, Plaintiff has not alleged that he is an unlicensed residential contractor, who is required to be licensed under Minnesota law, that he applied for a land use permit from the County, and that the County failed to report him to the State. As previously discussed, section 326B.85 does not apply to Plaintiff. Similarly, he has not identified any unlicensed residential contractors who sought a land use permit from the County and who the County allegedly failed to report to the State. Plaintiff's submitted exhibits, which he claims demonstrate the County's failure "to transmit covered applications to DLI," ultimately do not support his claim. The permit applications he submitted as exhibits were all submitted by property owners, who are exempted from the licensing requirements at issue in section 326B.85. *See* Minn. Stat. § 326B.805, subd. 6(3).

But even if the County had failed to comply with section 326B.85, which the County disputes and the Amended Complaint does not support, Plaintiff has not alleged that the County's alleged noncompliance with Minnesota Statutes section 326B.85 has harmed him

or will imminently harm him. Indeed, he admits he never even applied for a land use permit, which he would need to do to potentially trigger the procedures of section 326B.85. Doc. 5 at ¶ 16. Consequently, Plaintiff has alleged no facts indicating that he has suffered or will imminently suffer injury due to the County's conduct.

In effect, Plaintiff's request for declaratory judgment is nothing more than a request for this Court to enter a blanket declaration that the County's attempted land use enforcement actions are unlawful and unconstitutional without a scintilla of factual allegations that such a declaration would remedy a harm he has suffered or will suffer. Such a declaration would impede the County's land use authority under Minnesota law, *see* Minnesota Statutes section 394.21, effectively prohibiting the County from conducting enforcement of its Land Use Ordinance on the Property, which is greatly concerning to the County, particularly because Minnesota State Courts have already determined the County's enforcement actions were lawful. Kelzer Decl. Exs. 2-4. In addition, a declaration to this effect is impermissible under the actual controversy requirement of the Declaratory Judgment Act. This claim must be dismissed.

## V. The Amended Complaint Does Not Plausibly Establish Plaintiff's Entitlement to a Permanent Injunction Against the County.

Because Plaintiff has not alleged any viable underlying claim against the County, *see supra*, his request for a permanent injunction must be denied.

When considering a request for a permanent injunction, a court must consider a threshold question: whether the party will actually succeed on the merits of their underlying claims. *Ogala Sioux Tribe v. C & W Enters.*, 542 F.3d 224, 229 (8th Cir. 2008). Failure by

a plaintiff to show actual success on the merits is fatal to a request for a permanent injunction. *See Miller v. Thurston*, 967 F.3d 727, 736 (2020); *SD Voice v. Noem*, 60 F.4th 1071, 1077 (8th Cir. 2023).

As outlined above, Plaintiff failed to allege any facts that, even if true, demonstrate he could succeed on the merits of his procedural due process or *Monell* claims. With respect to his procedural due process claim, Plaintiff failed to plausibly allege that he has a protected property right under Minnesota Statutes section 326B.85 because (1) he is not a person required to hold a license under the statute, and (2) he never applied for a building permit in the first place.

Similarly, Plaintiff failed to plausibly allege a *Monell* claim. To the extent his *Monell* claim was premised on his alleged procedural due process claim, as the County has thoroughly analyzed, it cannot proceed. And Plaintiff pleads no other violation of his constitutional rights, which is a prerequisite to a *Monell* claims. Finally, Plaintiff offers no allegations that would demonstrate the County violated any of his constitutional rights in accordance with an established County policy or practice.

While Plaintiff repeatedly claims the County has violated his constitutional rights, the facts he pled simply do not show that the County has done so or that he has any plausible claim for relief against the County. Plaintiff thus cannot establish that he will succeed on the merits of his claims, as required for the award of a permanent injunction. The Court must deny Plaintiff's request for a permanent injunction and dismiss this claim on this basis only. *See Ogala Sioux Tribe*, 542 F.3d at 233.

Finally, even if Plaintiff could establish actual success on the merits of any of his

claims, his request for a permanent injunction still fails because the remaining *Dataphase* factors do not favor the issuance of an injunction, primarily because a permanent injunction would infringe upon the County's lawful authority to enforce its Land Use Ordinance. *See* Minn. Stat. §§ 394.21, 394.24. While Plaintiff clearly does not want to obtain a land use permit, he fails to identify what irreparable harm he will suffer if the County can continue to enforce its Land Use Ordinance on the Property. In addition, the balance of harms and the public interest both weigh in favor of the County being able to enforce its Land Use Ordinance within the parameters established by Minnesota law. In the final analysis, there is no basis to issue a permanent injunction against the County.

**CONCLUSION**

For the foregoing reasons, the County requests the Amended Complaint be dismissed in its entirety and with prejudice.

Dated: September 24, 2026

**SQUIRES, WALDSPURGER & MACE, P.A.**

By: */s/ Abigail R. Kelzer*
Abigail R. Kelzer, Atty. No. 397392
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
Fax: (612) 436-4340
abbi.kelzer@raswlaw.com

**ATTORNEY FOR DEFENDANT**
**CASS COUNTY**