Filed in District Court
State of Minnesota
01/28/2025

**STATE OF MINNESOTA** **DISTRICT COURT**

**COUNTY OF CASS** **NINTH JUDICIAL DISTRICT**
Case Type: Declaratory Judgment

Cass County,

Plaintiff,

vs.

Rhonda Aho,

Respondent.

Court File: 11-CV-24-1083

**ORDER and MEMORANDUM**

MINNESOTA JUDICIAL BRANCH

The above matter came before the undersigned Judge of District Court on December 11, 2024, pursuant to plaintiff's motion for summary judgment and declaratory relief.

Plaintiff, Cass County, is represented by Attorney at Law Emma Baker. Defendant, Rhonda Aho, appeared pro se.

Based upon the submissions, this Court makes the following:

**ORDER**

1. Plaintiff Cass County's motion for summary judgment is **GRANTED** as set forth herein.
2. Defendant Rhonda Aho's property is currently in violation of Cass County Land Use Ordinance §501, requiring permits for the placement of structures.
3. Rhonda Aho shall bring the property into compliance with the Cass County Land Use Ordinance within 30 days of the date of this order by either obtaining permits that would allow her to have the storage containers and solar panel on her property or removing the storage containers and solar panel.
4. If Ms. Aho does not bring her property into compliance within 30 days of this Order, Cass County is authorized to enter the property, including any structures therein, to

determine the specific uses and nature of the structures, determine if additional code violations exist, and to obtain more factual information as to how the County plans to proceed with bringing property into compliance, including by abating the violations by removing the structures from the property and assessing the cost against the property. Cass County may request a hearing to address the appropriate relief and obtain a court order authorizing appropriate action, including removal of the storage containers and solar panel and assessing costs against the property.

5. The attached memorandum is a part of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**DATED: ______________**

**BY THE COURT:**

Austad, Jana
2025.01.28
09:59:06 -06'00'

The Hon. Jana M. Austad
Judge of District Court

I certify the above order constitutes the Judgment of the Court.
Court Administrator

By: Trudeau, Kim
Digitally signed by Trudeau, Kim
Date: 2025.01.28
10:23:08 -06'00'

01/28/2025 10:22 am

MINNESOTA JUDICIAL BRANCH

## MEMORANDUM

Plaintiff Cass County has moved for summary judgment seeking: (1) an order declaring that Defendant's property is in violation of the Cass County Zoning Ordinance; 2) an injunction requiring Defendant to abate the violations within 30 days; alternatively, issuing an order allowing the County to enter the property, abate the violations and assess the costs to the property, and awarding the County its costs, disbursements and fees.

**Summary Judgment Standard**

Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03; *Isles Wellness, Inc. v. Progressive Northern Ins. Co.*, 703 N.W.2d 513, 516 (Minn. 2005). To present a genuine issue of material fact, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Minn. R. Civ. P. 56.05 (2012). The non-moving party has the burden to produce sufficient evidence that would permit a reasonable fact finder to draw different conclusions about an issue of material fact. *Schroeder v. St. Louis County*, 708 N.W.2d 497, 507 (Minn. 2006).

**Undisputed Facts**

Defendant Aho has not presented any evidence in this case. Defendant presented a thoroughly prepared argument at the hearing, but her argument did not address the County's motion for summary judgment. Defendant was aware that she could file a request with the court to waive court fees and costs. Defendant has refused to file a request to waive fees and costs. Defendant has not filed any pleading, memoranda, affidavits or offered any evidence or exhibits in this case.

The evidence presented by Cass County, that Defendant Aho's property is in violation of the Land Use Ordinance because she did not obtain permits for the placement of six storage containers and a solar panel on her property, is undisputed.

Cass County first observed six storage containers and a solar panel on Ms. Aho's property (hereinafter "the property") in January 2023. (Woodford Aff., ¶ 2.) A review of the permit history of the property showed that no permits have been issued for any activity on the property. (Id. ¶ 3).

In February of 2023 Cass County notified Ms. Aho that the storage containers and solar panel were in violation of the Cass County Land Use Ordinance ("LUO") and informed her that the structures required after-the-fact permits. (Woodford Aff., Ex. A). Cass County sent additional correspondence to Ms. Aho, even attaching permit applications for her to use, in an attempt to facilitate her compliance with the LUO. (Id. Ex. B). Ms. Aho took no action to bring the property into compliance.

In September 2023, Cass County commenced this enforcement action with respect to the unpermitted structures on the property, wrote Ms. Aho regarding the violations and offered her a last opportunity to resolve the matter before the County proceeded with an action for injunctive relief and/or criminal charges. Ms. Aho did not take any action to bring the property into compliance.

**Declaratory Relief**

Under the Uniform Declaratory Judgments Act, enacted by the Minnesota Legislature, courts "have the power to declare rights, status, and other legal relations whether or not other relief is claimed." Minn. Stat. § 555.01. The Minnesota Legislature has given county boards the power to enforce their ordinances. Minn. Stat. § 394.37, subd. 1. A violation of a





MINNESOTA JUDICIAL BRANCH

zoning ordinance itself is detrimental to the governing authority and the inhabitants of the jurisdiction. *Rockville Twp. v. Lang*, 387 N.W.2d 200, 205 (Minn.App.1986)

The declaratory relief that Cass County is seeking in this action is a determination that ordinance violations exist on Defendant Aho's property. The Minnesota Legislature has authorized counties to carry on county planning and zoning activities. Minn. Stat. § 394.21. Planning and zoning regulations are adopted by counties through the enactment of ordinances. Minn. Stat. § 394.24, subd. 1. Pursuant to the power granted by the legislature, the Cass County Board has adopted various ordinances, including the Land Use Ordinance (hereinafter "LUO"). The LUO applies to Defendant Aho's property. (See Section 204, stating LUO provisions apply to all unincorporated areas of the county and incorporated areas by agreement).

Section 501 of the LUO provides that permits are required for "the placement of structures, movement of an existing structure or structure additions." The definition of "structure" includes "anything constructed, placed or erected by humans, including but not limited to homes, garages, accessory buildings, manufactured housing, recreational vehicles, signs, storage buildings, deck, fences, and fish houses." Cass County Environmental Definitions Ordinance 2020-01, page 31.

It is undisputed that Defendant Aho has placed, or caused to be placed, six storage containers and a solar panel on her property The storage containers and solar panel fall within the definition of "structures" and therefore permits are required. It is undisputed that no permits for these structures were ever applied for or approved. The failure to obtain permits for the storage containers and solar panel located on the property constitute continuing violations of the Cass County LUO.

**Injunctive Relief**

The relief Cass County is seeking is an injunction requiring that Defendant Aho abate the existing ordinance violations on her property within 30 days and, if Ms. Aho has not abated the violations within that timeframe, an order allowing the County to enter the property in order to abate the violations and assess costs to the property. This relief is permitted by statute. Minn. Stat. § 394.37, subd. 3 (authorizing institution of appropriate actions to prevent, restrain, correct or abate zoning violations) as well as by Section 600 of the LUO (permitting enforcement by suing for injunctive relief on any violation, including restoration of the premises to its condition existing before the violation).

The Minnesota Supreme Court has held that injunctions are a favored means of dealing with continuing ordinance violations because repeated prosecutions are inadequate and inefficient. *City of Minneapolis v. F and R, Inc.*, 300 N.W.2d 2 (Minn. 1980); see also *Itasca County v. Rodenz*, 268 N.W.2d. 423 (Minn. 1978)(injunction was most appropriate remedy where property owner failed to obtain permit for construction of second story on his boat house). Injunctions are an appropriate means of dealing with continuing zoning violations because they uphold the authority of government bodies to enforce their regulations. *Rockville Tp. v. Lang*, 38 N.W.2d 2000 (Minn. 1986).

In consideration of the factors set forth in *Dahlberg Brothers, Inc. v. Ford Motor Co.*, 137 N.W.2d. 314, 321-22 (Minn. 1965), this Court notes the following:

**Relationship of the parties**. The plaintiff is Cass County. The property owned by Defendant Aho is located in Cass County. Property in Cass County is subject to the Cass County Land Use Ordinance. Based upon these facts, the parties have an existing relationship that will continue so long as Defendant Aho remains a property owner in Cass County.

***Balance of Harms.*** Defendant Aho's potential harm is a disruption to her property use, but this harm it outweighed by the harm that Plaintiff Cass County would suffer if constrained from enforcing its own ordinances. With respect to any assertions of rights by Defendant Aho, she has no more right to disregard County ordinances than any other property owner in the County.

Furthermore, "A municipality, in seeking to enjoin a threatened or existing violation, need not show any damage accruing to it by reason of the violation. In acting to enforce the ordinance, it may be considered to be acting on behalf of all property owners within the municipality to enforce their right to acquire conformity with the ordinance as the quid pro quo for their own submission to the restrictions imposed upon their property." 4 Arden H. Rathkopf and Daren A. Rathkopf, The Law of Zoning and Planning, § 65.10 (4th ed. Nov. 2001).

**Likelihood of Success on the Merits.** It is undisputed that Defendant is in violation of the Cass County LUO. Defendant Aho has not asserted any valid defense to the County's position. Accordingly, the County is highly likely to succeed on the merits.

*Public Policy*. There is a strong public interest in having the county's duly enacted ordinances fairly and properly enforced.

**Administrative Burden.** Enforcement of the provisions of the above order would not entail a significant administrative burden.

**Conclusion**

Cass County has established that it is entitled to both declaratory and injunctive relief. If Defendant Aho does not bring her property into compliance within 30 days of the date of this order, Cass County may begin the process of seeking injunctive relief. However, the Court finds that the County has not established that the appropriate remedy is removal of the structures

absent any information about how the County intends to remove the structures, what impact, if any, that moving the structures may have on the land, what the county intends to do with the items once removed, and what the estimated cost may be for removal. In making these determinations, Cass County and its designees are authorized to enter onto the property, as well as into structures on the property.

**J.M.A.**

MINNESOTA JUDICIAL BRANCH