[redacted]

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Minnesota

Rhonda Aho et al

Plaintiff(s),

v.

Case No. 0:24–cv–00153–JWB–LIB

Cass County et al

Defendant(s),

## SUMMONS IN A CIVIL ACTION

To: Cass County

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Rhonda Aho
1586 24th Street SW
Pine River, MN 56474

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

By:




Kate M. Fogarty, Clerk of Court

Date of Issuance: January 19, 2024

Rhonda Aho, Chad Cane, Plaintiffs
1586 24th. Street SW
Pine River, MN 56474

---

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Rhonda Aho, Chad Cane
Plaintiffs,
vs.

Case no.

| | | |
|---|---|---|
| **CASS COUNTY**, ( a political subdivision of the State of Minnesota) **Sandy Bennett, Jerri Huston, Mark Peterson, Ben Lindstrom, Troy Nelson, Bob Kangas, Scott Wold, Jeff Woodford, Nicole Cayko, Josh Stevenson,** (in their individual and official capacity) | ) | **CIVIL RIGHTS COMPLAINT FOR INJUCTIVE RELIEF FOR DAMAGES** <br><br> **AFFIDAVIT OF PROBABLE CAUSE:** <br><br> For deprivations of Constitutional Rights under color of authority and law under title 42 U.S.C. § 1982, § 1983, § 1985, § 1986; title 28 U.S.C. §1331, § 1343(a) (3); title 18 U.S.C. § 241, § 242. |
| **Jason Kuboushek, Sheldon Monson, Christopher Nguyen, Anthony Thompson,** (in their individual capacity) <br><br> Defendants. | ) | **TRIAL BY JURY DEMAND** |



EXHIBIT 5
2 of 43

## INTRODUCTION

COMES NOW, Rhonda Aho and Chad Cane as two of the sovereign people of the state of Minnesota within the town of Pine River, hereinafter referred to as Plaintiffs. Plaintiffs are seeking help from this court under Title 42 U.S.C. § 1983, to protect Plaintiffs rights and to correct the wrongs inflicted upon Plaintiffs by the named Defendants.

*" The words 'people of the United States ' and 'citizens' are synonymous terms, and mean the same thing. They are what we familiarly call the 'sovereign people', and every citizen is one of this people, and a constituent member of this sovereignty."* ***Scott vs. Sandford, 68 U.S. 393, 60 U.S. 393 (1856).***

1. Plaintiffs investigation and research of the Constitution of the United States, the Constitution of Minnesota, and Minnesota statutes; has failed to locate and/or uncover any adequate evidence of a procedure based in law or the clearly established laws of Minnesota enacted by the legislature of Minnesota under the Constitution of Minnesota, that authorizes a state governmental entity and/or state government employee to collect and/or take money from the people of Minnesota by imposing permit requirement fees to fund the for-profit municipal corporations and/or political subdivisions of the state just because a man or woman owns property and decides to construct a home on it.

2. All Defendants named are clearly attempting to deprive Plaintiffs' of money and/or property, while lacking all appearance of due process and the rule of law, and are doing so under color of authority, statute, ordinance, regulation, practice, custom, policy and usage of state statutes. Wherefore, Plaintiffs' investigation and conclusions have led Plaintiffs' to believe that the named Defendants are truly depriving Plaintiffs' of their substantive rights to property ownership, due process, and equal protection of the law, as secured by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, and Minnesota State Constitution.

3. All named Defendants are clearly exerting acts of ownership and control over Plaintiffs' property for which Defendants possess no standing, title of ownership, interest, nexus, or situs in.

## PLAINTIFFS

4. Plaintiff, Rhonda Aho is the owner, freeholder, and landowner, in absolute, of property known as Parcel ID 02-033-3301. Legal Description: (Township 138 Range 29W Sec 33 The North 280' of the West 390' of the SW quarter of the SW quarter) 2.51 acres. Barclay Township

5. Plaintiff, Chad Cane, is the common law Spouse of Rhonda Aho, and the planner, designer, materials purchaser, and builder of the non-traditional, autonomous home made from shipping containers located on parcel 02-033-3301.

## DEFENDANTS

6. **Defendant, CASS COUNTY**, is a political subdivision of the STATE OF MINNESOTA, doing business as a political subdivision as defined in Sec. 465.719 MN Statutes, with a working address of 303 Minnesota Ave. W Walker, MN 56484. The **COUNTY** acted towards Plaintiffs' under color of statutes, ordinances, resolutions, practices, customs, policies, and usage of the STATE OF MINNESOTA, within the scope of being a Creature of the State.

7. **Defendant, SANDY BENNETT**, aka Scarlet Bennett, aka Scarlet Wilberg, was employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as an Appraiser, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Bennett acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of her employment; by entering and gathering information about Plaintiffs property without warrant or authorization, conspiracy against rights. Bennett is sued in her official and individual capacity.

8. **Defendant, JERRI HUSTON**, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as an Appraiser, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Huston acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of her employment; by entering and gathering information about Plaintiffs property without warrant or authorization, failing to prevent neglect, conspiracy against rights. Huston is sued in her official and individual capacity.

9. **Defendant, MARK PETERSON**, a policymaker, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business

as the Assessor, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Peterson acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, conspiracy against rights. Peterson is sued in his official and individual capacity.

10. **Defendant, BEN LINDSTROM**, a policymaker, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as the District Attorney, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Lindstrom acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, and conspiracy against rights. Lindstrom is sued in his official and individual capacity.

11. **Defendant, TROY NELSON**, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as an Environmental Resource Specialist, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Nelson acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by entering and gathering data about the Plaintiffs property without warrant or authorization, conspiracy against rights. Nelson is sued in his official and individual capacity.

12. **Defendant, BOB KANGAS**, a policymaker, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as a County Commissioner, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Kangas acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, conspiracy against rights. Kangas is sued in his official and individual capacity.

13. **Defendant, SCOTT WOLD**, a policymaker, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as County Planner, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Wold acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, conspiracy against rights. Wold is sued in his official and individual capacity.

14. **Defendant, JEFF WOODFORD**, a policymaker, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as the Environmental Services Director, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Woodford acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, conspiracy against rights. Woodford is sued in his official and individual capacity.

15. **Defendant, NICOLE CAYKO**, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as the Assistant District Attorney, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Cayko acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of her employment; by failing to prevent neglect, and conspiracy against rights. Cayko is sued in her official and individual capacity.

16. **Defendant, JOSH STEVENSON**, a policymaker, appears to be employed by Defendant **CASS COUNTY**, a political subdivision of THE STATE OF MINNESOTA and doing business as the County Administrator, with a working address of 303 Minnesota Ave W. Walker, MN 56484. Stevenson acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, and conspiracy against rights, Stevenson is sued in his official and individual capacity.

17. **Defendant, JASON KUBOUSHEK**, appears to be employed with Iverson Reuvers, a law firm in THE STATE OF MINNESOTA and doing business as an Attorney, with a working address of 9321 Ensign Avenue South, Bloomington, MN 55438. Kuboushek acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; conspiracy against rights. Kuboushek is sued in his individual capacity.

18. **Defendant, SHELDON MONSON**, appears to be employed by the Minnesota Department of Labor and Industry, a Creature of THE STATE OF MINNESOTA and doing business as Area Electrical Representative, with a working address of PO Box 267, Wadena, MN 56482. Monson acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by conspiracy against rights. Monson is sued in his individual capacity.

19. **Defendant, CHRISTOPHER NGUYEN**, appears to be employed by the Minnesota Department of Labor and Industry, a creature of THE STATE OF MINNESOTA and doing business as Senior Investigator CCLD Enforcement Services Unit, with a working address of 443 Lafayette Road N., St. Paul, MN 55155. Nguyen acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; conspiracy against rights. Nguyen is sued in his individual capacity.

20. **Defendant, ANTHONY THOMPSON**, appears to be employed by the Minnesota Department of Labor and Industry, a creature of THE STATE OF MINNESOTA and doing business as CCLD Enforcement Services Unit Manager, with a working address of 443 Lafayette Road N., St. Paul, MN 55155. Thompson acted towards the Plaintiffs under color of statutes, ordinances, resolutions, practices, customs, policies and usage of THE STATE OF MINNESOTA, within the scope of his employment; by failing to prevent neglect, conspiracy against rights. Thompson is sued in his individual capacity.

## INJUNCTIVE RELIEF

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

21. Plaintiffs are also seeking injunctive and equitable relief under title 28 U.S.C. § 2202 against all named Defendants and their named employees for their color of imposition of municipal ordinances and resolutions on Plaintiffs' non-commercial property, which is not subject to **CASS COUNTY** ordinances and resolutions. It is a fact that **CASS COUNTY** ordinances and resolutions on Plaintiff's property are illegal, unconstitutional, clearly unauthorized by the laws of the STATE OF MINNESOTA and misapplied, violative of Plaintiffs' substantive rights to property ownership and Plaintiffs' procedural due process rights, as two of the sovereign people of the state of Minnesota, pursuant to the Constitutions of Minnesota and the United States of America.

## JURISDICTION AND VENUE

22. This court has subject matter jurisdiction over this case under title 28 U.S.C. § 1331, as this action arises under violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by the named Defendants; under title 28 U.S.C. § 1343 (a) (3), because Plaintiffs' bring this case to prevent imminent deprivations, under color of state law, of rights, privileges, and immunities, secured by the United States Constitution; under title 28 U.S.C. § 1343 (a) (4), because it seeks to recover damages

and secure equitable relief under an Act of Congress, specifically, title 42 U.S.C. § 1983, which provides a cause of action for protecting civil and constitutional rights; under title 28 U.S.C. § 2202, to secure preliminary and injunctive relief from imminent deprivations of Plaintiffs' rights in property.

23. It's well-established law that Plaintiffs' property rights are basic civil rights that the named Defendants have deprived them of.

*"Property does not have rights. People have rights. The right to enjoy property without unlawful depravation, no less than the right to speak, is in truth a "person's" right, whether the "property" in question be a welfare check, a home, or a savings account". In fact, a fundamental interdependence exists between the personal right to liberty and the property right. Neither could have meaning without the other. The rights in property are the basic civil rights has long been recognized. Congress recognized these rights in 1871 when it enacted the predecessor of 42 U.S.C. 1983 and 1343 (3). "We do no more than reaffirm the judgment of congress today."* ***Lynch vs. Household Finance Corp., 405 U.S. 538 (1972).***

24. Venue is proper in this Court under title 28 U.S.C. § 1391 because it is the judicial district where the Defendants reside, and in which all events giving rise to the action occurred.

**All paragraphs and statements of fact and law shall be deemed to be incorporated into every paragraph other than the paragraph where they are articulated. Any and all emphasis employed herein shall be construed to have been added.**

## PRELIMINARY STATEMENT

25. It is a fact that Plaintiffs family have owned with absolute dominion of ownership over the property (land) commonly known as parcel 02-033-3300 for 60 years as of this March, which is where parcel 02-033-3301 was created from, and as a matter of right in accordance with the Constitution of Minnesota and pursuant to rulings of the Minnesota Supreme Court.

## CAUSE OF ACTION

26. Lands allodial; All lands within the state are allodial and feudal tenures of every description with all incidents are prohibited. Art.1 Bill of Rights sec. 15. Constitution of the State of Minnesota.

27. It is a fact that Defendants have no evidence of a business license, corporate charter, or tax returns filed with the Defendants, that would clearly prove that Plaintiffs are

conducting any duties, imposts, excises and/or commerce/business producing activities with their land.

28. It is a fact that Defendants have failed to provide Plaintiffs adequate evidence that would lead Plaintiffs a reasonable man and woman with reasonable intelligence, to believe that Plaintiffs have a duty and/or would be liable for building permits on Plaintiffs non-commercial property, that is used only for private use as a home of the owners, and as a matter of Plaintiffs right to acquire, possess, protect, own, and enjoy property pursuant to the Constitution of the United States.

29. Plaintiffs' have a substantive right to own property, they owe nothing to the municipal corporation doing business as **CASS COUNTY**, and owe nothing to the public so long as they do not trespass upon their rights. Hale v. Henkel, 201 U.S. 43 (1906)

30. It is a fact that the Defendants named are clearly exerting acts of ownership and control over Plaintiffs property, and are acting under color of authority by creating tax bills, tax returns, assessments, requiring permits, and requiring inspections for Plaintiffs property, without right of title and adequate evidence of law.

31. All Defendants named are acting in their individual, official, and professional capacity through misapplication of statutes and underground policy, by devising a scheme under color of authority, thru a clear abuse of power, and are doing so with the intent to permanently deprive Plaintiffs of their money/property through a simulated legal process, and are the cause, in fact of Plaintiffs depravation of the peaceful enjoyment and possession of their property, as a matter of right guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

*"The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of any right protected by that amendment. The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions."* ***Chicago, B & Q. R. Co. vs. Chicago, 166 U.S. 226,41 L Ed 979, 17 S Ct 581; Norris vs. Alabama., 294 U.S. 587, 79 L Ed 1074, 55 S Ct 579; Mooney vs. Holohan, 294 U.S. 103, 79 L Ed 791, 55 S. Ct 340, 98 ALR 406, reh den 294 U.S. 732, 79 L Ed. 1261, 55 S Ct 511.***

*"Such misuse of the law usually implies malice, because unlawful , willful acts are considered malicious by those whom these acts injure. Similarly, want of probable cause is not essential because there can be no such thing as probable cause for a willful misuse of process for an unlawful objective, or for an ulterior purpose not intended by the law."* ***Psinakis vs. Psinakis, 221 F. 2d 418 (3rd Cir. 1955).***

32. Investigation of the documented evidence, the papers and documents created by all the Defendants named within this action clearly evidence the misuse and misapplication of governmental process used beyond the scope for which Minnesota Legislature intended and designed them to accomplish.

## FACTS RELEVANT TO ALL CLAIMS

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

33. It is a fact that Plaintiffs, as two of the sovereign people of the State of Minnesota, have no knowledge or adequate evidence of any known duty or legal responsibility to perform any obligations with **CASS COUNTY**, or any of the named Defendants.

34. It is a fact that Plaintiffs' have inherent and indefeasible rights, opposed to the creature of the state doing business as the **CASS COUNTY**, and the other named Defendants, doing business as creatures of statute, possessing no inherent powers or rights beyond those expressly granted to them by the Minnesota Legislature.

35. The **CASS COUNTY** COMMISIONERS, members, creatures of the state, appear to be mis-trained to believe that they are lawmakers for the State of Minnesota.

36. **CASS COUNTY**, and the other named Defendants, appear to be mis-trained to believe that **CASS COUNTY** ordinances and resolutions, are laws of Minnesota applicable to the Plaintiff's property, just because the Plaintiffs own property in Cass County Minnesota.

37. The Plaintiffs' property rights are protected by the 14th Amendment to the Constitution, consisting of the free use, enjoyment, and disposal of their properties and acquisitions, without control or diminution by the municipal corporation doing business as **CASS COUNTY**.

## FACTS OF THE CASE

38. Inspection of Cass County's public records for permits reveals none issued for shipping containers in Barclay township in the 53 years of online records that were available on 4/22/23.

39. North40Fab, a commercial business, East two (2) parcels from Plaintiffs' in the same township has four (4) shipping containers, unpermitted. Photos can be found in the holding tank permit renewal application. Defendant, **TROY NELSON** approved their holding tank permit 1/23.

40. Three (3) parcels to the South is another shipping container with no permit on file. To the West, less than a mile is another shipping container. A drive into town reveals no

less than ten (10) shipping containers and even a Caboose in the middle of town with no records of permits.

41. Real Solar, a commercial business located in a neighboring township, has five (5) different solar array structures. A permit search shows the first array permitted. The second permit shows the four (4) additional solar arrays permitted as one structure.

42. On 12th street SW, there is a residence with solar panels just off the road. Plaintiffs' are unable to find a permit on file.

## STATEMENT OF FACTS

### SANDY BENNETT

43. It is a fact that on 6/29/22 Defendant Sandy Bennett aka. Scarlet Bennett aka. Scarlet Wilberg a Staff Appraiser for Cass County entered into parcel 02-033-3301 on foot without authorization or a warrant.

44. It is a fact the property is posted as private drive and no trespassing.

45. It is a fact the shipping containers on the property were arranged by Plaintiff Cane in such a way as to provide a reasonable expectation of privacy from the road.

46. It is a fact Defendant Bennett was told by Plaintiff Cane that she was trespassing.

47. It is a fact Defendant Bennett commenced investigating and gathering information she was not authorized to have about the property while taking digital photos. INCLUDING PICTURES OF PLAINTIFF CANE!!!

48. It is a fact Defendant Bennett attempted to gain personal knowledge of the property by questioning Plaintiff Cane.

49. It is a fact that on 4/3/23 Plaintiff Aho submitted a complaint to the Office of the Legislative Auditor concerning misconduct involving Defendant Bennett, Defendant Huston, and Defendant Peterson, which was then forwarded to the Office of the State Auditor on 10/4/23.

50. It is a fact Defendant Bennett's actions have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**JERRI HUSTON**

51. It is a fact that on 1/10/23 Defendant Jerri Huston, a Staff Appraiser for Cass County drove her county vehicle through an open gate posted private drive, past multiple no trespassing signs and parked at the rear of property 02-033-3301, without authorization or warrant.

52. It is a fact Defendant Huston gathered information and at least one photo she was not authorized to have by Plaintiffs.

53. It is a fact Defendant Huston was confronted by Plaintiff Cane and asked what part of no trespassing does she not comprehend.

54. It is a fact Defendant Huston claimed to Plaintiff Cane that Defendant Bennett left her a note to stop by and check on the progress.

55. It is a fact that Defendant Huston admitted to Plaintiff Cane that she can tell it's not finished from PEEKING IN THE WINDOW!!!

56. It is a fact Defendant Huston attempted to gain personal knowledge of the property by questioning Plaintiff Cane.

57. It is a fact that on 4/3/23 Plaintiff Aho submitted a complaint to the Office of the Legislative Auditor about misconduct involving Defendant Huston, which was then forwarded to the Office of the State Auditor on 10/4/23.

58. It is a fact Defendant Huston's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**MARK PETERSON**

59. It is a fact that on 2/9/23 Plaintiff Aho submitted a records request to Defendant Peterson the Cass County Assessor for ALL information in the record concerning parcel 02-033-3301.

60. It is a fact Defendant Peterson only returned five pages, including a worksheet, four (4) photos taken by Defendant Bennett, and site measurements, a notation of "1/10/23" and "pic #12" appears at the top of the worksheet.

61. It is a fact Plaintiff Aho asked Defendant Peterson where the information was that was gathered by Defendant Huston, and that only four (4) photos out of twelve (12) were included.

62. It is a fact Defendant Peterson then returned one (1) additional photo, site measurements, and Defendant Huston's worksheet.

63. It is a fact that on 2/14/23 Plaintiff Aho told Defendant Peterson everything in his record was obtained illegally and something must be done immediately.

64. It is a fact that on 2/16/23 Defendant Peterson replied "The inspections performed and data collected by the assessor's office staff is all legal pursuant to Minnesota Statute MS 273.20" and carbon copied Defendant Lindstrom the Cass County District Attorney on his email.

65. It is a fact that on 3/22/23 Plaintiff Aho told Defendant Peterson in an email for an additional records request, "I believe the statute referenced is being misapplied." Defendant Peterson failed to respond to that statement.

66. It is a fact that on 4/3/23 Plaintiff Aho submitted a complaint to the Office of the Legislative Auditor regarding misconduct involving Defendant Peterson, which was then forwarded to the Office of the State Auditor on 10/4/23.

67. It is a fact that on 4/4/23 Plaintiff Aho made an inquiry to Minnesota Department Administration Data Practices concerning the private information Defendant Peterson was not authorized to have.

68. It is a fact Defendant Peterson's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**BEN LINDSTROM**

69. It is fact that on 2/16/23 Defendant Lindstrom, a policymaker, was aware of Defendant Peterson's email and the misapplication of Minnesota Statute MS 273.20 as he was carbon copied.

70. It is a fact Defendant Lindstrom, a policymaker, as Cass County District Attorney had a duty to prevent neglect.

71. It is a fact Defendant Lindstrom's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**TROY NELSON**

72. It is a fact that on 2/2/23 Defendant Nelson a Resource Specialist for Cass County, attempted to coerce Plaintiff Aho about after the fact permits costing three (3) times the normal amount in his letter.

73. It is a fact Defendant Woodford as Cass County Environmental Services Director, Defendant Wold as Cass County Planner, Defendant Cayko as Cass County Assistant District Attorney were carbon copied on that letter.

74. It is fact Defendant Nelson's letter places himself on the property in his own words. "An on-site inspection was performed", "This inspection revealed the presence of six storage containers, with at least one of them placed upon a basement.".

75. It is a fact from 1/10/23-2/2/23 there was over a foot of snow on the ground.

76. It is a fact that on 2/9/23 Plaintiff Aho requested ANY and ALL records from Environmental Services.

77. It is a fact Plaintiff Aho received, Defendant Nelson's letter, three (3) photos from the road with "2/1/23" written in on the top, a Google Map photo, and a sheet of paper with six (6) typed sentences that appeared to be notes.

78. It is a fact Defendant Nelson's notes indicate he noticed multiple shipping containers and a solar panel during permit visits 1/11/23.

79. It is a fact Defendant Huston was confronted on the property 1/10/23 just the day before.

80. It is a fact Plaintiff Aho did not request an on-site inspection of her non commercial property.

81. It is a fact in a recorded telephone call 2/16/23 Defendant Woodford states, "...to meet on site and discuss what can and cannot be done on the land, but, uh, no. I mean nobody but the property owner could it, or an authorized agent can request a site inspection on their property." Previously in the conversation when asked who created the memo he states, "Let me see. What. uh, do you have a page number on that?".

82. It is a fact Defendant Nelson states in a recorded phone call 2/17/23 "I was out there just to, to take pictures and, and, uh, you know, put it with the file." He also states, "

And my on-site inspection was from the driveway. I'm in the road right away. I did not enter the property."

83. It is a fact from 1/10/23-2/1/23 you cannot see a shipping container on a basement through the snow from the driveway or roadway.

84. It is a fact Andrew Ruesh was asked in a 2/16/23 recorded telephone call, "...was it you or Troy who took the pictures?" Ruesh's response was, "Uh, that I don't recall either.".

85. It is a fact the Tennis v. Cass County suit, "Tennis also sought damages because private personal data was about her was allegedly shared with co-workers, a violation of state law.".

86. It is a fact during the 2/17/23 recorded phone conversation Defendant Nelson was told," ...you've acquired private information that was obtained illegally in an attempt to extort her. Through your actions, and the actions of others on behalf of Cass County, her civil rights have been violated and criminal acts have been committed against her." " Your attempt to threaten and pressure her into giving up her rights through your permitting process is criminal. Private property is not commercial property for any municipality to enact control over. She has the right to peacefully enjoy her property." "She has no obligation to you. Any more mailing of threatening communications, deprivation of rights under color of law, frauds and swindles will be added to her complaint. She will be in touch with the County Administrator and Federal Authorities at her convenience.".

87. It is a fact that on 2/17/23 Plaintiff Aho filed a complaint with the DOJ Civil Rights Division.

88. It is fact that on 3/11/23 Plaintiff Aho filed a complaint with the USPI for mail fraud concerning Defendant Nelson's letter.

89. It is a fact that on 4/4/23 Plaintiff Aho made an inquiry to Minnesota Department Administration Data Practices concerning concealment by Environmental Services.

90. It is a fact Defendant Nelson's actions have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**BOB KANGAS**

91. It is a fact that on 2/20/23 Plaintiff Aho emailed Defendant Kangas a Commissioner for Cass County titled property issue/employee complaint and notified him of her intent to file a deprivation of civil rights under color of law suit in Federal Court against the

county and at least three (3) employees. Plaintiff Aho also stated she'd be open to an informal conversation about how to not incur further damage to either party moving forward. Defendant Kangas failed to respond.

92. It is a fact Defendant Kangas, a policymaker, as a Cass County Commissioner has a duty to prevent neglect.

93. It is a fact Defendant Kangas's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**SCOTT WOLD**

94. It is a fact Defendant Wold, a policymaker, as Planner for Cass County has a duty to prevent neglect.

95. It is fact Defendant Wold was aware of Defendant Nelson's letter as he was carbon copied.

96. It is a fact Defendant Wold's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**JEFF WOODFORD**

97. It is a fact Defendant Woodford, a policymaker, as Cass County Environmental Services Director, has a duty to prevent neglect.

98. It is fact Defendant Woodford was aware of Defendant Nelson's letter as he was carbon copied.

99. It is a fact Defendant Woodford's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**NICOLE CAYKO**

100. It is a fact that on 3/16/23 Defendant Cayko attempted to coerce Plaintiff Aho about after the fact permits costing three (3) times the normal amount in her letter. The basement Defendant Nelson referenced in his letter was no longer mentioned.

101. It is a fact Defendant Cayko included a Bill of Attainder in that letter (modified permit application).

102. It is a fact Cass County Personnel Rules & Policies state, "A daily log book is to be maintained to document the use of each county-owned vehicle. At a minimum, the following information is to be recorded in the vehicle log: date and time of use, name of operator, location or destination of use, purpose of use, the beginning/ending mileage.".

103. It is a fact that on 3/22/23 Plaintiff Aho submitted a records request for Defendant Nelson's daily vehicle log book from 1/9/23-1/12/23 and 1/30/23-2/3/23.

104. It is a fact that on 3/22/23 Plaintiff Aho submitted a records request for Defendant Bennett's daily vehicle log book from 6/29/23-7/1/22.

105. It is a fact that on 3/22/23 Plaintiff Aho submitted a records request for Defendant Huston's daily vehicle log book from 1/9/23-1/13/23.

106. It is a fact that on 3/24/23 Defendant Cayko responded to the records request for Defendant Nelson stating, " Environmental Services does not keep a daily vehicle log book and so is unable to fulfill your data request."

107. It is a fact that on 3/24/23 Defendant Cayko responded to the records request for Defendant Bennett and Defendant Huston stating, " the Assessor's Office does not keep a daily vehicle log book and so is unable to fulfill that part of your data request."

108. It is a fact in the Cass County Planning Commission minutes there are field schedules showing times, dates and locations for field inspections done by Environmental Services for permit applications for each monthly meeting.

109. It is a fact that on 3/29/23 Plaintiff Aho submitted a complaint to the OLPR concerning Defendant Cayko's letter dated 3/16/23.

110. It is a fact that on 3/29/23 Plaintiff Aho submitted a Criminal Complaint to the Attorney General of Minnesota concerning Defendant Cayko's letter dated 3/16/23.

111. It is a fact that on 3/29/23 Plaintiff Aho submitted a mail fraud complaint with the USPI concerning Defendant Cayko's letter dated 3/16/23.

112. It is a fact It that on 4/4/23 Plaintiff Aho made an inquiry to Minnesota Department Administration Data Practices concerning concealment by Defendant Cayko.

113. It is a fact that on 4/10/23 Plaintiff Aho submitted a records request for ALL records in ALL formats to the Cass County legal department.

114. It is a fact that on 4/11/23 Defendant Cayko produced her letter dated 3/16/23, Defendant Nelson's letter dated 2/2/23, the Google Map photo, the three (3) photos from the street allegedly taken by Defendant Nelson, two (2) photos stamped "05/04/2022" that have never been included in any prior records requests, the same worksheet included in Defendant Peterson's first request however the date at the top is "1/11/23" and now includes Defendant Huston's photo and a handwritten address at the top.

115. It is a fact the email from Defendant Peterson to Defendant Lindstrom was not included.

116. It is a fact Defendant Cayko as Assistant District Attorney has a duty to prevent neglect.

117. It is a fact Defendant Cayko was aware of Defendant Nelson's letter as she was carbon copied on it and produced it.

118. It is a fact Defendant Cayko's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**JOSH STEVENSON**

119. It is a fact that on 4/13/23 Plaintiff Aho submitted a complaint to Defendant Stevenson the Cass County Administrator regarding Defendant Nelson, Defendant Woodford, and Defendant Cayko, and inquired about filing a claim.

120. It is a fact that on 4/17/23 Defendant Stevenson responded that he had received her employee complaints and directed her to MCIT.

121. It is a fact that on 4/26/23 Plaintiff Aho submitted another complaint to Defendant Stevenson regarding Defendant Bennett, Defendant Huston, Defendant Peterson, Defendant Nelson's failure to train as per their hiring information and Defendant Cayko's concealment of records as well as that of others. It was also conveyed that the county has had a malicious disregard for Plaintiff Aho's property rights and civil rights. No response was given by Defendant Stevenson.

122. It is a fact that Iverson Reuvers is the law firm MCIT uses to represent their clients.

123. It is a fact MCIT's general conditions state, "MCIT shall have sole authority to assign defense council to defend a covered claim or suit against the covered party.", " MCIT shall have full authority to administer, defend, and settle all covered claims or suit.", "

124. It is a fact MCIT states, "Members are required to report all claims for damage. MCIT recommends immediately reporting any incident that might result in a claim through the online member portal so that MCIT may investigate, reach a coverage determination, assign defense counsel if appropriate and provide member with guidance through the claim process.".

125. It is a fact MCIT finally states, "Cooperate with MCIT in the investigation, settlement or defense of the claim or suit." " Identify, locate preserve, store and retain information, documentation, electronic or otherwise, property and physical evidence related or potentially related to an occurrence, wrongful act, claim or suit at the expense of the covered party.".

126. It is a fact Defendant Stevenson as Cass County Administrator has a duty to prevent neglect.

127. It is a fact Defendant Stevenson's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**JASON KUBOUSHEK**

128. It is a fact that on 9/20/23 Defendant Kuboushek with the law firm of Iverson Reuvers attempted to coerce Plaintiff Aho about after the fact permits via certified mail and carbon copied Environmental Services.

129. It is a fact Defendant Kuboushek's letter included a Bill of Attainder. (Permit application)

130. It is a fact Defendant Kuboushek stated, "Our firm has been retained by Cass County to bring an enforcement action under the Cass County Land Use Ordinance for numerous zoning violations on your property." he also states, "Another copy of the modified permit application is attached to assist you with that process.

131. It is a fact that no modified permit application was attached. Only a standard permit application was attached.

132. It is a fact that on 10/4/23 Plaintiff Aho requested records from Cass County regarding ANY and ALL information shared with MCIT about her or her non commercial private property.

133. It is a fact that on 10/12/23 Defendant Stevenson responded stating, "Nothing has been shared or provided to MCIT, so there is no such data.".

134. It is a fact that on 10/13/23, Plaintiff Aho replied to Defendant Kuboushek and stated, "I will not be coerced into signing something I do not want to sign. Your letter serves as another coercion attempt on behalf of the county and will be reported to the OLPR, AG and USPI as mail fraud. We will be suing Cass County for numerous civil rights violations and will also be making criminal complaints. Unless I have requested a response, any further contact from anyone associated with Cass County will be construed as witness intimidation.".

135. It is a fact that on 10/19/23 Plaintiff Aho submitted a mail fraud complaint with the USPI.

136. It is a fact that on 10/19/23 Plaintiff Aho filed a complaint with OLPR against Defendant Kuboushek.

137. It is a fact Defendant Kuboushek's actions have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

**SHELDON MONSON**

138. It is a fact that on 12/7/23 Defendant Monson with the Minnesota Department of Labor and Industry attempted to coerce Plaintiff Aho with a letter claiming "It has been brought to our attention" not mentioning by who, and demanding permit fees and investigation fees.

139. It is a fact the Cass County Attorney's Office, Defendant Thompson Manager CCLD Enforcement Services Unit, Nathan Readel Contract Electrical Inspector, were carbon copied on the letter.

140. It is a fact that on 12/11/23 Plaintiff Aho responded and advised Defendant Monson his letter is construed as witness intimidation. Her non commercial property has no nexus or taxable situs with the state. And that she will be making criminal complaints.

141. It is a fact that on 12/11/23 Plaintiff Aho filed a mail fraud complaint with the USPI regarding Monson's letter.

142. It is a fact that on 12/20/23 Plaintiff Aho submitted a records request for Defendant Monson's file No.6.20231207(Cass) and any information relating to her or her property.

143. It is a fact Defendant Monson's actions have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

## CHRISTOPHER NGUYEN

144. It is a fact 12/28/23 that on Defendant Nguyen attempted to coerce private information from Plaintiff Aho via a letter. He claims Minnesota Department of Labor and Industry received a complaint from another Minnesota Department of Labor and Industry employee, Defendant Monson, regarding a solar array without permit or inspection.

145. It is a fact that on 1/12/24 Plaintiff Aho submitted a mail fraud complaint with the USPI concerning Defendant Nguyen's letter.

146. It is a fact that on 1/12/23 Plaintiff Aho responded to Defendant Nguyen's letter stating, "I will be filing criminal complaints as well since state employees are now committing crimes on behalf of Cass County" and, "Minnesota state Legislature has no ownership, interest or standing in my non-commercial private property and you've failed to show how suddenly you do, and are able to regulate it. I have no duty or obligation to respond to your questions."

147. It is a fact Defendant Nguyen's actions have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

## ANTHONY THOMPSON

148. It is a fact Defendant Thompson was aware of Defendant Monson's letter dated 12/7/23 as he was carbon copied.

149. It is a fact Defendant Thompson responded to Plaintiff Aho's 12/21/23 record request on 1/8/24 at 9:20pm denying the request without stating the statute, "At this time, there is no public data that can be released at this time."

150. It is a fact that Minnesota Government Data Practices Act requires a response within 10 business days, and the statue MUST be cited, Defendant Thompson was late in his response.

151. It is a fact in the "Your right to access information DLI keeps about you" form it states, "the MGDPA presumes all government data is public unless a state or federal law says the data is not public. Data about you is classified by state law as public, private or confidential." It goes on to say, "Confidential data has the most protection. Neither the public nor you can obtain access, even when the confidential data is about you. The following is an example of confidential data about you: any active investigative data relating to the investigation of complaints against a license you hold would be confidential data."

152. It is a fact Plaintiff Aho does not hold any professional licenses.

153. It is a fact that on 1/12/24 Plaintiff Aho responded to Defendant Thompson's denial of data stating the response was due on 1/5/24, and that classifying her data as confidential constitutes concealment, as she has no professional licenses, and will be taking appropriate steps to seek redress.

154. It is a fact that on 1/12/24 Plaintiff Aho submitted a complaint to MPDPA regarding Defendant Thompsons, tardiness, misclassification, concealment, and failure to cite a statute.

155. It is a fact Defendant Thompson as Manager CCLD Enforcement Services Unit has a duty to prevent neglect.

156. It is a fact Defendant Thompson's actions/lack of action have injured Plaintiffs' causing harm, financial loss and severe emotional distress.

## POLICY AND CUSTOMS OF DEFENDANTS

157. It is a fact that Defendants are working in concert with each other under color of authority through misapplied policy, sharing illegally obtained information they are not authorized to have.

158. Inspection of CASS COUNTY'S public records clearly evidences that the County's unconstitutional practices and misuse of Minnesota state codes/statutes appears to be occurring to hundreds of properties situated in the township and neighboring townships with Plaintiffs'. Such conduct amounts to a policy indifference to Plaintiffs' constitutional right to property ownership. This custom, practice and/or policy caused the constitutional deprivations complained of by Plaintiffs'.

159. It is a fact records requests for two (2) neighboring properties clearly evidences trespassing, and violations to the Fourth Amendment of the United States Constitution on behalf of **CASS COUNTY** staff Appraisers.

## PROBABLE CAUSE

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

160. Defendants named are clearly violating criminal laws of the United States and the State of Minnesota to wit:

## Mail Fraud

161. It is a fact February 2nd 2023, Defendant Troy Nelson, acting in connection with his duties and his official capacity as Environmental Resource Specialist, under color of authority, corresponded with Plaintiff Aho through the use of United States Mail in an effort to collect an after the fact permitting fee that Defendant Troy Nelson is not authorized to collect under the laws of Minnesota.

162. It is a fact that Defendant Troy Nelson, through a scheme of permitting and as a matter of policy to defraud Plaintiffs', placed said correspondence in a post office or authorized depository for mail matters addressed to Plaintiff Aho, a demand for after the fact permit applications and sums of money with threats of legal action.

163. It is a fact March 16th 2023, Defendant Nicole Cayko, acting in connection with her duties and her official capacity as Assistant District Attorney, under color of authority, corresponded with Plaintiff Aho through the use of United States Mail in an effort to collect an after the fact permitting fee that Defendant Nicole Cayko is not authorized to collect under the laws of Minnesota.

164. It is a fact that Defendant Nicole Cayko, through a scheme of permitting and as a matter of policy to defraud Plaintiffs, placed said correspondence in a post office or authorized depository for mail matters addressed to Plaintiff Aho, a demand for after the fact permit applications, sums of money with threats of penalties, imprisonment, and legal action.

165. It is a fact September 20th. 2023, Defendant Jason Kuboushek, acting in connection with his duties and his official capacity as an Attorney retained by Cass County, under color of authority, corresponded with Plaintiff Aho through the use of United States Mail in an effort to collect an after the fact permitting fees that Defendant Jason Kuboushek is not authorized to collect under the laws of Minnesota.

166. It is a fact that Defendant Jason Kuboushek, through a scheme of permitting and as a matter of policy to defraud Plaintiffs, placed said correspondence in a post office or authorized depository for mail matters addressed to Plaintiff Aho, a demand for after the fact permit applications and sums of money with threats of legal action.

167. It is a fact December 7th. 2023 Defendant Sheldon Monson, acting in connection with his duties and his official capacity as an Minnesota Department of Labor and Industry, Area Electrical Representative contacted by Cass County Attorney's Office, under color of authority, corresponded with Plaintiff through the use of United States Mail in an

effort to collect an electrical inspection fee and investigation fee that Defendant Sheldon Monson is not authorized to collect under the laws of Minnesota.

168. It is a fact that Defendant Sheldon Monson, through a scheme of inspections and investigations and as a matter of policy to defraud Plaintiffs, placed said correspondence in a post office or authorized depository for mail matters addressed to Plaintiff Aho, a demand for inspection and investigation fees with threats of legal action.

169. It is a fact December 28th. 2023 Defendant Christopher Nguyen, acting in connection with his duties and his official capacity as an Minnesota Department of Labor and Industry, CCLD Enforcement Services Unit Senior Inspector, under color of authority, corresponded with Plaintiff Aho through the use of United States Mail in an effort to collect a permit, inspection, and private information that Defendant Christopher Nguyen is not authorized to collect under the laws of Minnesota.

170. It is a fact that Defendant Christopher Nguyen, through a scheme of permits and inspections and as a matter of policy to defraud Plaintiffs, placed said correspondence in a post office or authorized depository for mail matters addressed to Plaintiff Aho, a demand for a permit, inspection and private information with threats of legal action.

**Violation of Clearly Established Law**

171. These acts of official oppression of Plaintiffs' substantive rights to property ownership by Defendants are truly unbecoming of Public Servants and a breach of their fiduciary duty to Plaintiffs and the people of the State of Minnesota. See MS 609.43 (Misconduct of a public officer or employee).

**Violation of Substantive Rights**

172. The methods, standards, and policies, complained about herein, that were employed by all Defendants, acting as employees and third parties for Cass County, in relation to Plaintiffs' property, were illegal and repugnant to the Minnesota State Constitution and the Constitution of the United States.

173. It is a fact that all Defendants, infringement of Plaintiffs property rights, lack of due process and acts of official misconduct have violated Plaintiffs' substantive rights to property ownership, peaceful possession and enjoyment of Plaintiffs property, and Plaintiffs procedural due process pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution; in breach of their fiduciary duty to

Plaintiffs' and the People of the State of Minnesota and did so under color of statute, custom and usage of state statutes and county ordinances.

**Demand For Empanelment of Grand Jury**

**PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS**

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

174. Plaintiffs Rhonda Aho and Chad Cane are seeking compliance with Title 42 U.S.C. § 1987 (Prosecution of violation of certain laws) that authorizes and requires, at the expense of the United States, to institute prosecutions against all persons violating Title 18 U.S.C § 241 and § 242, Title 18 U.S.C.§ 1964 (a) (b) (c) and § 1968 (Civil investigative demand) and to cause such persons to be arrested, and imprisoned or bailed, for trial before a Court of the United States or Territorial court having cognizance of the offenses. **See Pub. Law 106-274, Sec. 4 (d), Sept. 22, 2000, 114 Stat. 804.**

175. Plaintiffs' are also seeking compliance with Title 18 U.S.C. § 3 and § 4, that makes it a crime to fail to report a crime to proper authorities, hereby states the following statement of facts:

176. Plaintiffs' as two of the sovereign people of the State of Minnesota, have probable cause supported by the facts to believe, and therefore believes, that Defendant **CASS COUNTY**, a for profit chartered Corporation and its named employees, agents, and/or servants, through false and fraudulent pretenses as a matter of custom and policy, have conspired to commit a common law fraud upon Plaintiffs' and Plaintiffs property, while acting under color of Minnesota statutes, and County ordinances.

177. All actions complained of fall within conduct indictable under specific provisions of the 1970 federal laws (18 U.S.C. § 1962 et seq. 1970) specifically designed to punish criminal activity by business enterprises relating to counterfeiting, securities fraud, theft, embezzlement, obstruction of justice, racketeering, money laundering, etc.

178. The specific goal of RICO is to punish the use of an enterprise to engage in certain criminal activity. A person who uses an enterprise to engage in a pattern of racketeering activity may be convicted under the RICO criminal statue Title 18 U.S.C. § 1963 (a) (Criminal penalties) An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity."

179. It is a fact that all named individual Defendants acting in their official capacities as constitutional officers governed by the clearly established laws of the State of Minnesota as a matter of custom and policy, through a clear pattern of abuses and official condemnation are truly violating clearly established laws of the United States of America as defined by Title 18 U.S.C. § 1341 (Frauds and Swindles) in violation of title 18 U.S.C. § 1346 (Scheme or Artifice to Defraud), Title 18 U.S.C. § 1343 (Fraud by wire, radio, or television), and including but not limited to; Title 18 U.S.C.§ 225 (Continuing financial crimes enterprise), Title 18 U.S.C. § 514 (a) (1) (2) (3), (b) and (c) (Fictitious obligation), Title 18 U.S.C. § 872 (Extortion), Title 18 U.S.C. § 876 (Mailing threatening communications), Title 26 U.S.C. § 7214 (a) (1) (Willful oppression under color of law), Title 18 U.S.C. § 2071 (b) (Unlawfully falsifies records, books, documents, papers, or other things), Title 18 U.S.C. § 1962 (a) (b) (c) and (d) (Prohibited activities), Title 18 U.S.C. § 241 (Conspiracy against rights), Title 18 U.S.C. § 242 (Deprivation of rights under color of law).

180. It is a fact that all named individual Defendant's unconstitutional use of state statutes and simulated legal processes are clearly being used to deprive the Plaintiffs, Rhonda Aho and Chad Cane, and the people of Minnesota of money and/or property without due process of law acting under color of state statutes.

181. Wherefore, Defendant's practice, custom, and policy, and the fictitious classification of Plaintiffs property, for the purpose of permitting Plaintiffs non-commercial property, to financially benefit all Defendants, is an act done under color of Minnesota code/statutes, as a matter of custom and policy and is violative of Plaintiffs substantive rights to property ownership and procedural due process, guaranteed pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and have done so to wit:

## COUNT ONE (1)

**Violation of Civil and Substantive Rights While Acting Under Color of Law**

**42 U.S.C. § 1983 - Title 18 U.S.C. § 242**

**Deprivation of Rights Under Color of Law - Sandy Bennett, Jerri Huston, Troy Nelson.**

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

182. This cause of action is brought by Plaintiffs, Rhonda Aho and Chad Cane, against CASS COUNTY and its employees, SANDY BENNETT, JERRI HUSTON, and TROY NELSON, for their color of imposition and unconstitutional application, and the deprivation of Plaintiffs' constitutional rights within the meaning of title 42 U.S.C. § 1983.

183. At all relevant times Plaintiffs' have/had a right under the search and seizure protection clause of the state and federal constitutions, not to be deprived of their constitutionally protected interest to be free from unreasonable searches and seizure pursuant to the Fourth Amendment of the Constitution of the United States of America.

184. In every instance as set forth above Defendants, Sandy Bennett, Jerri Huston, and Troy Nelson, trespassed upon Plaintiffs' non-commercial property, without authorization or warrant, which was done as a matter of custom and policy, to obtain private information to deprive Plaintiffs' of money/property under color of law and ordinances. Defendants, acting as the constitutional officers of CASS COUNTY, were not authorized to have private information concerning Plaintiff's non-commercial property pursuant to the Constitution of Minnesota.

185. Defendants trespassing upon Plaintiffs' property under color of Defendant CASS COUNTY'S, ordinances and resolutions, is a custom, practice, and policy done for manufacturing fictitious obligations upon Plaintiff's non-commercial property, to financially benefit Defendant CASS COUNTY.

186. Defendants policy of trespassing upon Plaintiffs' non-commercial property, as a matter of custom, practice, and policy, is violative of Plaintiffs' substantive rights to property ownership and to be free from unreasonable searches and seizure, secured by the laws and the Constitution of Minnesota Article I §5; and the Fourth Amendment of the United States Constitution.

187. In every instance as set forth above, Defendants have acted in their individual, official, and professional capacity, under color of authority, through a clear and affirmative abuse of power with the intent to permanently deprive Plaintiffs' of their money/property, to financially benefit all Defendants, while clothed with state authority and lacking all appearances of due process and the rule of law, violated Plaintiff's rights under color of statutes, rules and ordinances.

188. It is a fact that Plaintiffs' property clearly has no business situs for CASS COUNTY purposes within the state of Minnesota under the legislative intent.

189. It is a fact that Defendants are clearly being trained as a matter of custom and policy by Defendant CASS COUNTY to believe that municipal ordinances and resolutions are laws that apply to the premises of Plaintiffs' non-commercial property.

190. Defendants acted intentionally and recklessly, in disregard of Plaintiffs' constitutional rights. Defendants as a constitutional officers had a duty to know, or should have known, that their conduct violated Plaintiffs' constitutional rights.

191. Defendants were acting under color of law, as an authorized agents/representatives of Defendant CASS COUNTY, while implementing the customs and polices of the COUNTY and did so under color of COUNTY ordinances and resolutions within the meaning of title 42 U.S.C. § 1983.

192. Defendants' misconduct violates the clearly established laws of the State of Minnesota (MN609.605, MN609.746 & MN 609.89) and the United States of America (title 18 U.S.C.).

193. Defendants' practice, custom, and policy, has clearly violated Plaintiffs' constitutional rights within the meaning of Title 42 U.S.C. § 1983.

194. It is a fact that Defendants, SANDY BENNETT, JERRI HUSTON, and TROY NELSON'S color of law actions and official misconduct toward Plaintiffs' has defrauded Plaintiffs', and deprived Plaintiffs' Rhonda Aho and Chad Cane, of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the State of Minnesota and the United States of America, as set forth under Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

## COUNT TWO (2)

**Violation of Civil and Substantive Rights While Acting Under Color of Law**

**42 U.S.C. § 1983 - Title 18 U.S.C. § 242**

**Deprivation of Rights Under Color of Law - All Defendants.**

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

195. This cause of action is brought by Plaintiffs', Rhonda Aho and Chad Cane, against all Defendants for their color of imposition and unconstitutional application of CASS

COUNTY'S permitting revenue scheme against Plaintiffs' non-commercial properties, which are not subject to COUNTY ordinances and resolutions by law, and the deprivation of Plaintiffs' constitutional rights within the meaning of title 42 U.S.C. § 1983.

196. At all relevant times Plaintiffs' have a right under the due process and equal protection clauses of the state and federal constitutions, not to be deprived of their constitutionally protected interest in their property pursuant to the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America.

197. In every instance as set forth above Defendants misclassification of Plaintiffs' non-commercial property, which was done as a matter of custom and policy, to deprive Plaintiffs' of money/property under color of a commercial municipal ordinance and resolutions, that Defendants, acting as the constitutional officers of CASS COUNTY, and other agencies, were not authorized to impose upon Plaintiff's non-commercial property pursuant to the Constitution of Minnesota.

198. Defendants misclassification of Plaintiffs' property under color of Defendant CASS COUNTY'S ordinances and resolutions, is a custom, practice, and policy done for manufacturing fictitious obligations upon Plaintiff's non-commercial property, to financially benefit Defendant CASS COUNTY.

199. Defendants policy of manufacturing fictitious obligations (Permits and Inspections) upon Plaintiffs' non-commercial property, as a matter of custom, practice, and policy, is violative of Plaintiffs' substantive rights to property ownership and procedural due process, secured by the laws and the Constitution of Minnesota Article I §2, §4, §7; and Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

200. In every instance as set forth above, Defendants have acted in their individual, official, and professional capacity, under color of authority, through a clear and affirmative abuse of power with the intent to permanently deprive Plaintiffs' of their money/property, through a simulated legal process to financially benefit all Defendants, while clothed with state authority and lacking all appearances of due process and the rule of law, violated Plaintiff's rights under color of statutes, rules and ordinances.

201. It is a fact that Plaintiffs' property clearly has no business situs for CASS COUNTY purposes within the state of Minnesota under the legislative intent.

202. It is a fact that Defendants are clearly being trained as a matter of custom and policy by Defendant CASS COUNTY to believe that municipal ordinances and resolutions are laws that apply to the premises of Plaintiffs' non-commercial property.

203. Defendants acted intentionally and recklessly, in disregard of Plaintiffs' constitutional rights. Defendants as a constitutional officers had a duty to know, or should have known, that their conduct violated Plaintiffs' constitutional rights.

204. Defendants were acting under color of law, as an authorized agents/representatives of Defendant CASS COUNTY, while implementing the customs and polices of the COUNTY and did so under color of COUNTY ordinances and resolutions within the meaning of title 42 U.S.C. § 1983.

205. Defendants' misconduct violates the clearly established laws of the State of Minnesota (Ch 609 MN Statues Criminal Code) and the United States of America (title 18 U.S.C.).

206. Defendants' practice, custom, and policy, has clearly violated Plaintiffs' constitutional rights within the meaning of Title 42 U.S.C. § 1983.

207. It is a fact that Defendants' color of law actions and official misconduct toward Plaintiffs' has defrauded Plaintiffs', and deprived Plaintiffs' Rhonda Aho and Chad Cane, of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the State of Minnesota and the United States of America, as set forth under Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

**COUNT THREE (3)**

**Conspiracy to interfere with civil rights**

**42 U.S.C. § 1985 - Title 18 U.S.C. § 241**

**Conspiracy against rights - All Defendants.**

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

208. This cause of action is brought by Plaintiffs, Rhonda Aho and Chad Cane, against all Defendants and their named individual employees, agents, and/or agencies, for their conspiratorial and abusive conduct done under color of law, that has deprived Plaintiffs'

of constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, within the meaning of Title 42 U.S.C. § 1985.

209. It is a fact that all Defendants and their named individual employees, agents, and/or agencies have conspired against the premises of the Plaintiff to commit a common law fraud upon Plaintiffs' and Plaintiffs property under color of law.

210. The misconduct of all the individual Defendants acting for Defendant CASS COUNTY, a political subdivision of the STATE of MINNESOTA, has led Plaintiffs', a reasonable man and woman with reasonable intelligence, to believe that a conspiratorial purpose exists between all Defendants to directly deprive Plaintiffs, and all classes of persons and People (homeowners), of the equal protection of the laws and their substantive rights to acquire, possess, own, protect, and enjoy, what is theirs, free of governmental interference pursuant to the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution, through their abuse and misuse of Cass County ordinances and resolutions.

211. It is a fact that all individual Defendants as a matter of custom, practice, and policy, are working in concert with each other under color of authority pursuant to state rules and county ordinances, through an unconstitutional application of such ordinances, and have created fictitious obligations upon Plaintiffs non-commercial property as residential real estate under color of law.

212. Inspection of CASS COUNTY public records clearly evidences that Defendants CASS COUNTY'S unconstitutional application and misuse of imposing municipal ordinances and resolutions, as if they were laws from the Minnesota Legislature, on People's homes (non-commercial properties) appears to be occurring upon hundreds of properties similarly situated in Barclay Township , and thousands of properties in Minnesota, as Plaintiffs' home, and is being done to financially benefit the Defendants. Such conduct amounts to a policy indifference to Plaintiffs' constitutionally protected rights to property ownership.

213. It is a fact that all individual Defendants are CLEARLY NOT acting within the legislative intent of the Minnesota Legislature.

214. It is a fact that all Defendants have willfully and purposely misinformed Plaintiffs and others with print, by wire, and by mail, to believe that Plaintiffs are legally responsible for Defendant CASS COUNTY'S municipal ordinances and resolutions.

215. It is a fact that Defendant CASS COUNTY and its named individual employees, agents, and attorneys, have willfully and purposely misinformed Plaintiffs and others with print, by wire, and by mail, acting under color of law, to make Plaintiffs' believe that in order to exercise Plaintiffs' right to own property, they and their property must be made subject to CASS COUNTY municipal ordinances and resolutions, in order to financially benefit the Defendants.

216. The conspiratorial purpose of the Defendants is financial.

217. The Defendants promote their customs, practices, and policies, through print, wire and by mail.

218. All individual Defendants named are clearly being trained as a matter of custom, practice, and policy that the CASS COUNTY municipal ordinances and resolutions, apply to the People's homes (non-commercial properties) which the People own and use as a matter of right, for private use.

219. Defendants CASS COUNTY and all defendants did feloniously and against the will of Plaintiffs', under color of law, statute, ordinance, resolution, regulation, and custom, willfully conspire to defraud Plaintiffs' of equal protection of the law and in doing so oppressed Plaintiffs' in the free exercise and enjoyment of Plaintiffs' right to be secure in his person, premises, house, and papers, to enjoy and defend life and liberty, to pursue happiness and to acquire, possess, and protect property, free of governmental interference as secured to Plaintiffs' by the Constitution and laws of the State of Minnesota and the United States of America as set forth under Title 18 U.S.C. § 241 within the meaning of title 42 U.S.C. § 1985.

## COUNT FOUR (4)

**Action for Neglect to Prevent While Acting Under Color of Law**

**42 U.S.C. § 1986**

**Action for Neglect to Prevent by - Jerri Huston, Mark Peterson, Ben Lindstrom, Bob Kangas, Jeff Woodford, Scott Wold, Nicole Cayko, Josh Stevenson, Anthony Thompson.**

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

220. This cause of action is brought by Plaintiffs, Rhonda Aho and Chad Cane, against all Defendants named for their willful, wanton, malicious, and abusive, conduct under color of law and for their negligence and failure to prevent, or aid in preventing, the deprivation of Plaintiffs' constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution within the meaning of Title 42 U.S.C. § 1986.

221. Department Heads, Mangers and Defendants JERRI HUSTON, MARK PETERSON, BEN LINDSTROM, BOB KANGAS, JEFF WOODFORD, SCOTT WOLD, NICOLE CAYKO, JOSH STEVENSON, acting at the time as employees of Defendant CASS COUNTY, and ANTHONY THOMPSON acting as an employee for Minnesota Department of Labor and Industry should have corrected the classification of Plaintiffs' non-commercial property and ceased all actions against the Plaintiff and Plaintiffs' property when they and the County failed and neglected to provide records or information evidencing how COUNTY ordinances and resolutions are applicable to the Plaintiffs' property.

222. It is a fact that all named Defendants acted with a reckless indifference to the protected federal rights of Plaintiffs', Rhonda Aho and Chad Cane, when all Defendants engaged in conduct with a callous disregard for whether the conduct violates Plaintiff's protected federal rights.

223. The wrongs inflicted upon Plaintiffs' could have been prevented by reasonable diligence if Defendant **CASS COUNTY** and the individual Defendants were being supervised, trained, and acting pursuant to the Constitution of Minnesota.

224. It is a fact that Plaintiffs' deprivation was caused by Defendant CASS COUNTY'S official custom, practice, and policy, as a political subdivision of the STATE of MINNESOTA and, unsupervised contracted agents.

225. At all relevant times Plaintiffs' have the right under the due process and equal protection clauses of the state and federal constitutions to be free of governmental interference and not to be deprived of their constitutionally protected interest in their property pursuant to the Fourth, Fifth and Fourteenth Amendment of the Constitution of the United States of America.

226. It is a fact that Defendants, JERRI HUSTON, MARK PETERSON, BEN LINDSTROM, BOB KANGAS, JEFF WOODFORD, SCOTT WOLD, NICOLE CAYKO, JOSH STEVENSON, acting at the time as employees of Defendant CASS COUNTY, and ANTHONY THOMPSON acting as an employee for Minnesota Department of Labor and Industry, through supervisor's inactions and clear failure to prevent, or aid in preventing Plaintiffs' exercise of rights,

violated Plaintiffs' substantive rights. Defendants' color of law actions and official misconduct toward Plaintiffs' to financially benefit all Defendants and Defendants failure to protect Plaintiffs procedural due process rights has defrauded Plaintiffs' and deprived Plaintiffs', Rhonda Aho and Chad Cane, of clearly established substantive rights and equal protection of the law secured by the Constitution and laws of the State of Minnesota and the United States of America within the meaning of Title 42 U.S.C. § 1986.

**COUNT FIVE (5)**

**Property Rights of Citizens**

**42 U.S.C. § 1982**

**Deprivation of Property rights under color of law - All Defendants.**

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

227. This cause of action is brought by Plaintiff, Rhonda Aho, against all Defendants named for their color of law action and their negligence and failure to prevent or aid in preventing the deprivation of Plaintiff's constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution to inherit, purchase, sell, hold, and convey, real and personal property within the meaning of Title 42 U.S.C. § 1982.

228. Defendants have clearly threatened Plaintiff Aho the bona fide owner, that failure to pay their frivolous and fictitious after the fact permitting fees and be subjected to their inspections under color of municipal ordinances and resolutions would result in penalties and imprisonment causing deprivation of Plaintiff's right to possession of her home/property.

229. Defendants' practice and course of conduct to subvert Plaintiff's rights to possession of her property and abuse of the Constitution of Minnesota, are beyond the limitations and scope of the legislative intent; to manufacture fictitious obligations upon Plaintiff's non-commercial property, and then as a matter of custom, practice, and policy, demand after the fact permitting fees and inspections of Plaintiff's property through them or their subsidiaries, that all Defendants participated in under color of law for Defendants' financial gain, to deprive Plaintiff of her money/property, is violation of clearly

established law Title 15 U.S.C. (Securities Exchange Act of 1934); Title 18 U.S.C. § 1962 (a) (b) (c) and (d) (Organized Crime Control Act, RICO criminal statute).

230. Defendants' practice and course of conduct of manufacturing fictitious obligations upon Plaintiff's non-commercial property, with no title or ownership interest in Plaintiff's property and/or adequate evidence of statutory authority to control property they do not own without due process of law, to financially benefit Defendants, is a cloud on Plaintiff's property created under color of a municipal ordinance and resolution permitting scheme, implemented by Defendants violating 42 U.S.C. § 1982, within the meaning of Title 42 U.S.C. § 1983, and a direct violation of Plaintiff's constitutional rights to property ownership and procedural due process as a "citizen" secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

231. It is a fact that Defendants custom, practice, and policy, color of law actions, against Plaintiff's property is violative of Plaintiff's substantive rights to inherit, purchase, lease, sell, hold, and convey, real and personal property, free from governmental interference within the meaning of Title 42 U.S.C. § 1982.

## CONCLUSION

**Plaintiffs incorporate by reference the facts set forth above as if set forth herein full.**

232. It is a fact that Plaintiffs' Rhonda Aho and Chad Cane, have no knowledge or evidence of any known duty or legal responsibility to perform any obligations of adhering to **CASS COUNTY** ordinances and resolutions of having to be subject to the individual Defendants named, acting in their individual, official, or professional capacities, for Plaintiffs' to peaceably exercise their substantive right to own and enjoy their property.

233. It is a fact that Defendants have clouded Plaintiff's property through an unconstitutional misapplication of Cass County municipal ordinances and resolutions, causing multiple constitutional deprivations of Plaintiff's property rights and oppressing Plaintiffs' substantive right to acquire, possess, own, protect, inherit, hold, and enjoy real and personal property free of governmental interference as a matter of right. Defendants have clearly violated the Plaintiff's constitutional rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution under the color of law.

234. Defendants have clearly threatened Plaintiff, Rhonda Aho, that failure to pay their frivolous and fictitious permitting and/or inspection fees would cause deprivation of

Plaintiff's right to hold, her home/property, free of governmental interference contrary to Title 42 U.S.C. § 1982 and within the meaning of title 42 U.S.C. § 1983.

235. Defendants' color of law scheme clearly comes within the scope of Organized Crime and Racketeering activity as defined by Title 18 U.S.C. § 1961. Cass County's illegal imposition of County ordinances and resolutions as a vehicle for creating fictitious obligations upon Plaintiff's property under color of law, through a simulated legal process while clothed with state authority, to financially benefit the County, a for profit political subdivision of the State of Minnesota, is not a function of constitutional government of the People, for the People, and by the People, pursuant to the Constitution and Laws of the United States of America and of the several states of the American Union.

236. The law has not just been broken by the named Defendants, it's been perverted and corrupted beyond description. The constitutional limitation of municipalities does not allow the People's public servants (State and Municipal Actors) to take or steal property from the People they work for to fund their governmental operations. Defendants are clearly not acting in compliance with the constitutions of Minnesota and the United States of America.

237. All Defendants named herein are clearly acting under color of official authority, through statutes, ordinances and resolutions, under color of law, against Plaintiff's non-commercial property without right of title and adequate evidence of statutory authority, while lacking all appearances of due process and the rule of law in violation of Title 18 U.S.C. § 242. Defendants have clearly violated Plaintiff's constitutional rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution under color of law.

238. Plaintiff's constitutional right of property ownership is and was "clearly established" under the Fifth and Fourteenth Amendment of the United States Constitution at the time the violations occurred.

239. Plaintiff's constitutional right to due process and equal protection of the law is and was "clearly established" under the Constitution of the State of Minnesota Article I § 5, and the Fifth and Fourteenth Amendments of the United States Constitution at the time the violations occurred.

240. The custom, practice, and policy, of all Defendants, of adopting and enforcing their

perversion of the Land Use Ordinance on Plaintiff's non-commercial property, violates the Fifth, and Fourteenth Amendments to the United States Constitution, by imposing an unconstitutional condition upon Plaintiffs' lawful exercise of their property rights.

241. It is a fact that all Defendants are acting as constitutional officers of the STATE OF MINNESOTA and/or the political subdivision known as the **CASS COUNTY**, and did, in fact act under color of state law, through their unconstitutional application and misuse of statutes, municipal ordinances and resolutions as state actors in their individual capacity. Defendants have threatened to fine and imprison Plaintiff Aho, wherefore unlawfully and willfully interfering with and preventing the exercise of Plaintiffs' substantive rights to property ownership and procedural due process to which Plaintiffs' Rhonda Aho and Chad Cane, are entitled to under the Constitution and laws of the United States of America and of the several states of the America union under title 42 U.S.C. § 1983 and in violation of title 18 U.S.C. § 242.

242. It is a fact that all Defendants have conspired to defraud Plaintiffs Rhonda Aho and Chad Cane of equal protection of the law and in doing so oppressed Plaintiffs' in the free exercise and enjoyment of Plaintiffs' substantive right to be secure in their house and premises, to enjoy and defend their property, to pursue happiness, and to acquire, possess, and protect, their property free of governmental interference as secured to Plaintiffs' by the Constitution and laws of the State of Minnesota and the United States of America as set forth under Title 18 U.S.C. § 241 and under Title 42 U.S.C. § 1985 within the meaning of Title 42 U.S.C. § 1983.

243. All Defendants intentionally acted under the color of law and are the direct cause of Plaintiffs' constitutional deprivations complained of herein.

244. Defendants have breached their fiduciary duty to Plaintiffs' and the People of Minnesota under color of statutes, municipal ordinances and resolutions and are acting in violation of clearly established laws of the United States of America with an intentional and callous indifference to the People of Minnesota and Plaintiffs' federally protected rights.

245. Enforcement of the constitutional rights specified herein is in the public interest.

246. As a direct and proximate result of Defendants' illegal policies and practices, Plaintiffs' Rhonda Aho and Chad Cane, are being wrongfully deprived of peaceful enjoyment of their property under color of law by all Defendants. Each Defendant either took part in the action or failed to act, or implicitly authorized, approved, or knowingly acquiesced

or failed to remedy the wrongs at issue within the meaning of Title 42 U.S.C. § 1982, § 1983, § 1985 and § 1986.

## RELIEF SOUGHT

247. Wherefore, Plaintiffs Rhonda Aho and Chad Cane, seek to secure injunctive relief and recover compensatory and punitive damages for monetary loss, intentional infliction of severe mental and emotional distress, impairment of reputation, personal humiliation, and deprivation of fundamental constitutional rights suffered by Plaintiffs' due to all Defendants, for their color of law actions performed in their individual capacity against Plaintiffs' under Title 28 U.S.C. § 1343 (a)(4).

248. It is a fact that Defendants acting as state actors, under color of law deprived Plaintiffs' of substantive rights of property ownership, due process, and equal protection of the law. Plaintiffs' constitutional right to property ownership, due process, procedural due process, and equal protection of the laws, have been directly violated under color of law by all Defendants named within the meaning of Title 42 U.S.C. § 1983.

249. It is a fact the Plaintiffs' possess the constitutional right to procedural and substantive due process, property ownership free from governmental interference, and the equal protection of the laws of the United States of America and of the several states of the American union at the time the violations occurred.

## Actual Compensatory Damages

250. Plaintiffs' have had to put their plans on hold many times, and suffer numerous delays having to constantly defend themselves from Defendants actions. The amount of time spent to investigate and research the issue at hand has consumed the Plaintiffs'. Six months of lost time at $6,500.00 a month.

251. Wherefore, Plaintiffs' request that this court grant the above relief in actual damages in the amount of **$39,000.00**.

## General Compensatory Damages

252. The policy, practice, and custom, of all Defendants, of adopting and enforcing their unconstitutionally applied ordinances and resolutions, and then perverting and abusing the permitting process against the Plaintiffs non-commercial property, violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, by

imposing an unconstitutional condition upon Plaintiffs lawful exercise of their property rights.

253. **Defendant Cass County's** improper training of employees, and their failure to monitor other third party agencies who have also TERRORIZED the Plaintiffs and their family over the past year, committed numerous crimes stated herein against the Plaintiffs', and conspired with other agencies to steal money/property from the Plaintiffs' through violating the Plaintiffs' substantive rights, and who are in fact, the cause of the Plaintiffs' constitutional deprivations.

254. **All Defendants** have severely and negatively altered the Plaintiffs' lives forever, starting mid 2022 to the present. Plaintiffs', for the past year have not only had to alter their lives, but have been terrorized, mentally tortured, abused, and subjected to Defendants' constant threats, and threats of fines and imprisonment; causing Plaintiffs' to suffer: severe depression, severe mental and emotional distress, disruption of sleep, eating disorders, impairment of reputation, shame, humiliation, embarrassment, anger, nervousness, anxiety, loss of consciousness, loss of enjoyment of life, and the deprivation of Plaintiffs' fundamental constitutional rights, through the negligence and complete disregard of each of the named Defendants, who have been mis- trained to believe it's their job and constitutional duty to take money/property from the Plaintiffs', threatening their safety, and putting the Plaintiffs' Rhonda Aho and Chad Cane in grave physical and mental danger. ALL Defendants are the direct causation of Plaintiffs' constitutional deprivations as stated herein.

255. Wherefore, Plaintiffs' request that this court grant relief for the last 18 months of **TERROR** that's been inflicted on them and their family by third party attorneys and agencies that have been left unchecked, and to award general compensatory damages to the Plaintiffs' in the amount of **$1,800,000.00**, for emotional distress, mental anguish, suffering, destruction of reputation, and personal humiliation, under 42 U.S.C. § 1983.

256. Wherefore, Defendants conduct is actionable under 42 U.S.C. § 1983 for actual and general compensatory damages in Cass County, as a political subdivision of the State of Minnesota, in their capacity as an Employer, for the individual capacity of Defendants', and for their failure to monitor the terroristic threats taken by their employees and third party agencies, who orchestrated these deprivations, and for their wanton disregard for the Plaintiffs' constitutional rights, and disregard for the safety and security of the Plaintiffs' and Plaintiff's family. All Defendants have failed to follow the law, and all Defendants have conspired to terrorize the Plaintiffs' and their family, with the intent to take money from the Plaintiffs'.

257. Wherefore, Plaintiffs' request that this court grant the above relief in compensatory damages in the total of **$1,839,000.00.**

**Treble Damages**

258. Wherefore, Plaintiffs' request threefold compensatory damages in accordance with the civil remedies afforded to victims under 18 U.S.C. § 2333 as pleaded in this complaint under 18 U.S.C. § 2331, and/or any applicable statutory damages or penalties, compensation for any fees and costs of this suit, and any other relief found just and reasonable by this Court.

259. Plaintiffs in personal injury cases may also receive treble damages if the violated statute supports them, if the plaintiff requests them, and if the defendant intended to harm the plaintiff. Treble damages are intended to be punitive in order to deter others from committing the same offense and are three times the compensatory damages awarded.

260. Wherefore, Plaintiffs' request that this court grant the above relief in compensatory damages in the amount of **$5,517,000.00**.

**Punitive Damages**

261. The failure of the individual Defendants to correctly apply their statutory authority or provide Plaintiffs' with any adequate evidence that would lead Plaintiffs', a reasonable man and woman with reasonable intelligence, to believe that Plaintiffs' are required to perform any kind of duties and obligations for any of the named Defendants, or that the Plaintiffs' and Plaintiff's property are **Subjects** of the Defendants, and that in order for Plaintiffs' to exercise their right to own the property, they must pay the Defendants money and adhere to their ordinances and resolutions, else Plaintiffs will be fined and imprisoned and surveilled.

262. As a direct causation of their actions, Defendants have inflicted upon Plaintiffs': severe mental and emotional distress, disruption of sleep, eating disorders, impairment of reputation, shame, humiliation, embarrassment, anger, depression, nervousness, anxiety, paranoia, and deprivation of Plaintiffs fundamental constitutional rights, through the negligence of understanding their job duties, puts Plaintiffs, Rhonda Aho and Chad Cane, in grave danger and are the direct cause of Plaintiffs' constitutional deprivations as stated herein.

263. Defendants felonious and malicious conduct is being done in a manner exhibiting a wanton and willful disregard of Plaintiffs' rights, peace, safety, happiness, health, mental well-being, and property.

264. Defendant Cass County's business enterprising and criminal activity of fraud, theft, and extortion, involved a reckless and callous indifference to Plaintiffs' federally protected rights, and others similarly situated to the Plaintiffs. Online permit records available indicate RACKETEERING on a grand scale over the course of many years.

265. Wherefore, Plaintiffs' request punitive damages against the individual defendants, which are actionable under 42 U.S.C. § 1983 for their respective conduct in the amounts of:

| | |
|---|---|
| CASS COUNTY | $200,000,000.00 |
| SANDY BENNETT | $3,000,000.00 |
| JERRI HUSTON | $5,000,000.00 |
| MARK PETERSON | $6,000,000.00 |
| BEN LINDSTROM | $3,000,000.00 |
| TROY NELSON | $6,000,000.00 |
| BOB KANGAS | $3,000,000.00 |
| SCOTT WOLD | $3,000,000.00 |
| JEFF WOODFORD | $5,000.000.00 |
| NICOLE CAYKO | $6,000,000.00 |
| JOSH STEVENSON | $3,000,000.00 |
| JASON KUBOUSHEK | $3,000,000.00 |
| SHELDON MONSON | $3,000,000.00 |
| CHRISTOPHER NGUYEN | $3,000,000.00 |
| ANTHONY THOMPSON | $3,000,000.00 |

**TOTAL:$255,000,000.00**

## INJUCTION

266. Pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. Proc. 65, it is appropriate and requested that this Court issue preliminary and permanent injunctions enjoining Cass County, and it's named individual employees, agents, and/or agencies from enforcing and implementing its policy, practice, or customs, upon Plaintiffs and/or Plaintiffs property, including the Intrusions and non-stop harassment by mail as evidenced from the facts of this case.

## JURY DEMAND

267. A jury trial on all triable issues, pursuant to Fed. R. Civ. Proc. 38 and the Seventh Amendment of the United States Constitution.

Respectfully submitted this 19th day of January 2024.

We Rhonda Aho and Chad Cane, being duly sworn. do state and affirm according to the law that we have firsthand knowledge of the undisputed material facts and are competent to testify in these matters, and swear under penalty of perjury that these facts are true and correct. (See U.S.C. 28, 1746 (1)).

Rhonda Aho, Plaintiff

1586 24th. Street SW

Pine River, MN 56474

Chad Cane, Plaintiff

1586 24th. Street SW

Pine River, MN 56474

SWORN BEFORE ME, the undersigned notary for the State of Minnesota, on this day personally appeared Rhonda Aho and Chad Cane, who affixed their signature to the above complaint and has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct, and sworn to under penalties of perjury of the People of Minnesota and the United States of America.

STATE OF MINNESOTA )

COUNTY OF CASS )

TAWNA J. STAPLES
Notary Public-Minnesota
My Commission Expires Jan. 31, 2027

Sworn to and signed before me this 19 day of January 2024.

NOTARY PUBLIC

___ Personally known

X Produced identification

Type of identification produced: Passports