RECEIVED BY MAIL
JUL 29 2025
Clerk, U.S. District Court
Fergus Falls, Minnesota

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

FERGUS FALLS DIVISION

**CHAD CANE,**
Plaintiff,

vs.

**JOSH STEVENSON,** in his individual capacity acting under color of state law;
**JEFF WOODFORD,** in his individual capacity acting under color of state law;
**JASON KUBOUSHEK,** in his individual capacity as a private attorney acting under color of state law;
**EMMA BAKER,** in her individual capacity as a private attorney acting under color of state law;
**CASS COUNTY,** a political subdivision of the State of Minnesota,
Defendants.

Case no. 25-cv-3045-LMP/LIB

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42USC1983**
(Due Process, Abuse of Process and Monell Liability)

## INTRODUCTION

This case arises from an unauthorized and unlawful campaign by Cass County officials and their private attorneys to deprive Plaintiff Chad Cane of his property and constitutional rights under color of law, but without any lawful authority. Acting without Board approval, formal retainer, or even the minimal statutory prerequisites for officeholding, Defendants Stevenson and Woodford orchestrated and funded a land use enforcement action targeting Plaintiff, employing private counsel at public expense, fabricating and altering official documents, and deliberately excluding Plaintiff from participation. Their conduct was not merely procedurally defective, but ultra vires and fraudulent, constituting a knowing abuse of process designed to coerce compliance and silence opposition. Through this action, Plaintiff seeks redress for the violation of his due process rights, abuse of legal process, and the County's ratification of these unconstitutional acts in deliberate indifference to his rights.



SCANNED
JUL 29 2025
U.S. DISTRICT COURT FF

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b), as all events giving rise to this action occurred within Cass County.

## II. PARTIES

3. Plaintiff Chad Cane is a natural person, co-occupant of the subject property located in Cass County, Minnesota, and the sole individual who constructed the home by his own labor.

4. Defendant Josh Stevenson is the Cass County Administrator. He is sued in his individual capacity for acting under color of law.

5. Defendant Jeff Woodford is the Environmental Services Director for Cass County. He is sued in his individual capacity for acting under color of law.

6. Defendants Jason Kuboushek and Emma Baker are attorneys acting under contract with Cass County and are sued in their individual capacities for acting under color of law.

7. Defendant Cass County is a political subdivision of the State of Minnesota and a proper entity for Monell liability.

## III. FACTUAL ALLEGATIONS

8. Plaintiff built and resides in a home in Cass County which he constructed with his own labor. No compensation was paid for his labor or materials. Under Article I, Section 12 of the Minnesota Constitution, Plaintiff holds a superior interest in the home.

9. Cass County, acting through Woodford and Stevenson, initiated a land use enforcement proceeding affecting Plaintiff's property without joining him as a party, despite full knowledge of his occupancy and interest.

10. The enforcement proceeding was carried out through attorneys Kuboushek and Baker, who prosecuted the matter and obtained a court order impacting the property.

11. Plaintiff was never named or served in the proceeding and was given no opportunity to appear or defend his interest.

12. The unlawful conduct toward Plaintiff is not an isolated incident, but part of a broader pattern of retaliatory and malicious enforcement practices by Cass County officials against property owners and even their own board members who assert their rights or oppose County actions.

13. In 2020, property owners Karen Kaehler and Mary Albachten brought suit against Cass County after prevailing in earlier litigation challenging unlawful zoning decisions. Thereafter, Cass County abruptly escalated enforcement on their property, inventing violations and imposing arbitrary and capricious demands in apparent retaliation. (*Kaehler & Albachten v. Cass County*, 11-CV-20-461 (Minn. Dist. Ct. 2020)).

14. In 2025, Planning & Zoning Board member Patrick Rafferty submitted a sworn affidavit in another case, stating that Defendant Josh Stevenson personally called him to pressure him not to vote against County staff's position and implied that consequences would follow if he did — which Mr. Rafferty interpreted as a threat.

15. In 2024, property owner and Minnesota State Senator Nathanial Wesenberg filed a sworn declaration in Cass County District Court (Case No. 11-CV-24-104), attached as Exhibit J, attesting that County Land Commissioner Mark Gossman cut and removed a chain from his private gate without consent, despite prior discussions regarding easement. Wesenberg's sworn testimony details Cass County's pattern of trespass, destruction of private property, and political retaliation, corroborated by sheriff reports and photographs.

16. On April 3, 2024, after Plaintiff identified the Northfab property in his January 2024 federal complaint as a comparator illustrating selective enforcement, Defendants, through Troy Nelson, issued a Notice of Violation to Northfab (Polar Fox Outdoors), demanding "After-The-Fact" permits at triple the normal fee.

17. Email correspondence between Cass County officials and Polar Fox Outdoors, attached as Exhibit K, confirms that Cass County explicitly allowed the owner to obtain a single building permit for four shipping containers by treating them as one structure.

18. This disparate treatment underscores the County's arbitrary and discriminatory application of its ordinances, while the belated enforcement after Plaintiff's federal filing further demonstrates retaliation and bad faith.

19. These incidents demonstrate an entrenched pattern of retaliation, intimidation, and disregard for property rights within Cass County government, further evidencing that the violations against Plaintiff were undertaken pursuant to a well-settled and unconstitutional custom or practice.

20. On September 23, 2024, Plaintiff sent a formal cease-and-desist letter to the Cass County Board of Commissioners, identifying ongoing constitutional violations by county officials and legal contractors.

21. Despite this notice, the County authorized and pursued continued enforcement, disregarding Plaintiff's rights and the statutory requirement to join all necessary parties in declaratory actions under Minn. Stat. § 555.11.

22. The declaratory judgment action pursued by Defendants was not a proper nuisance or enforcement action but was instead undertaken with the improper purpose of obtaining a procedurally defective state-court judgment to foreclose Plaintiff's ability to pursue federal constitutional claims.

## COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS (Fourteenth Amendment) (Against All Defendants)

23. Plaintiff references and incorporates the foregoing paragraphs.

24. The Due Process Clause of the Fourteenth Amendment prohibits the deprivation of life, liberty, or property without notice and an opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

25. Defendants deprived Plaintiff of protected property interests by pursuing and obtaining legal orders that affect his home without providing notice, service, or joinder.

26. The enforcement proceeding was adjudicated and resolved without affording Plaintiff the opportunity to participate, rendering the proceeding constitutionally void. (see also Mullane v. Central Hanover Bank, 339 U.S. 306 (1950).

## COUNT II ABUSE OF PROCESS UNDER COLOR OF LAW (Against Stevenson, Woodford, Kuboushek, and Baker)

27. Plaintiff references and incorporates the foregoing paragraphs.

28. Defendant Kuboushek's conduct is particularly egregious given his prior legal positions. In a Rule 12(b)(6) motion filed in a prior federal action brought by Plaintiff, Kuboushek expressly argued that liability under 42 U.S.C. § 1983 requires proper joinder, service, and state action.

29. In that motion, he cited controlling authority establishing that private misuse of judicial process under color of law violates constitutional rights. See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) ("state action" requirement for § 1983 liability); Dennis v. Sparks, 449 U.S. 24 (1980) (private party acting under color of law may be liable for misuse of judicial process).

30. These cases make clear that private individuals acting jointly with public officials, or under color of law, can be held liable under § 1983 when they misuse process to deprive others of constitutional rights.

31. Despite his own prior reliance on these principles, Kuboushek actively participated in prosecuting an improper action that excluded Plaintiff, lacked proper joinder and notice, and misused judicial process under color of law.

32. Kuboushek argued that liability under 42 U.S.C. § 1983 requires specific personal involvement, state action, a direct causal link, and a legitimate legal process against a properly joined party.

33. He cited controlling case law including Ashcroft v. Iqbal, 556 U.S. 662 (2009), Madewell v. Roberts, 909 F.2d 1203 (8th Cir. 1990), and Youngblood v. Hy-Vee, 266 F.3d 851 (8th Cir. 2001).

34. Despite this knowledge, Defendant Kuboushek subsequently participated in a coordinated enforcement action with Cass County officials wherein legal process was used to obtain an order against Plaintiff, a non-party, without service, notice, or joinder in direct violation of Minn. Stat. § 555.11.

35. His prior legal briefing demonstrates that he was fully aware of the constitutional limitations on such process and cannot be excused as negligent or inadvertent. It was knowing, willful, and undertaken in direct contradiction to his own prior legal arguments and authorities.

36. On February 8, 2024, a formal public data request was submitted to Cass County under the Minnesota Government Data Practices Act, seeking the names of individuals who authorized the release of information to Iverson Reuvers, the individuals who retained Iverson Reuvers in relation to Plaintiff's property, and any contracts or payments made to Iverson Reuvers for that purpose (**Exhibit A1**).

37. On February 16, 2024, Defendant Josh Stevenson responded by confirming that he, in his capacity as Cass County Administrator, and Jeff Woodford, as Environmental Services Director, authorized the retention of Iverson Reuvers and paid two invoices related to the matter: $373.20 on November 9, 2023 and $964.80 on October 6, 2023 (**Exhibit A1**).

38. This admission confirms that the enforcement action was not initiated as a neutral or routine process. Rather, it was pre-funded and directed by County officials through private legal contractors—well before Plaintiff was ever joined in the matter and despite being the known occupant and builder of the property in question.

39. No underlying contract or fee agreement was produced in response to the data request, suggesting the County withheld responsive documents (**Exhibit A2**).

40. On or about April 18, 2025, the Minnesota Counties Intergovernmental Trust (MCIT) sent a written denial to Cass County in response to bond claims Plaintiff filed regarding Defendants' conduct. In that letter, MCIT confirmed that Cass County had no bonds on file for Defendants, or other county officials in connection with their offices. **(Exhibit G)**

41. The absence of required bonds further demonstrates that Defendants acted without fulfilling statutory prerequisites to officeholding, rendering all subsequent enforcement actions ultra vires and undertaken without lawful authority

42. On July 7, 2025, in response to a formal Minnesota Government Data Practices Act request submitted by Rhonda Aho and copied to Plaintiff, Defendant Josh Stevenson, in his capacity as Cass County Administrator, sent an email confirming in writing that Cass County possessed no records of any kind authorizing or approving litigation involving Plaintiff Chad Cane or Rhonda Aho. **(Exhibit A)**

43. Specifically, Stevenson stated that Cass County had "no such data" regarding:

- any board votes, minutes, agendas, or resolutions authorizing litigation involving Plaintiff or Aho;

- any board approval to hire the law firm Iverson Reuvers;

- any retainer or agreement between the County and Iverson Reuvers;

- any records approving disclosure of Plaintiff's or Aho's private information to Iverson Reuvers.

Stevenson's email further confirmed that no records existed documenting any payments or budget decisions for legal services beyond three previously disclosed invoices.

44. These admissions confirm that the enforcement action against Plaintiff was initiated and carried out without lawful authority, formal board action, or compliance with statutory requirements.

45. Despite actual knowledge of these deficiencies as of July 7, 2025, Stevenson and the other Defendants continued to pursue enforcement actions and defend the unconstitutional orders in court, demonstrating deliberate disregard for Plaintiff's rights.

46. The funding and direction of enforcement against a non-party, without notice, service, or joinder, supports Plaintiff's claims of abuse of process and further demonstrates the County's deliberate violation of Minn. Stat. Section 555.11 and Plaintiff's constitutional rights.

47. On information and belief, during the first district court hearing, Defendant Kuboushek stated to the presiding judge that he was uncertain whether Plaintiff or the co-occupant had filed anything, saying: "I don't know that we ever got an answer…um my understanding is there was

some type of motion perhaps filed, but it was never served on me. I don't know if plaintiff actually did, or excuse me, defendant actually did file anything with the court."

48. This statement was materially false. Defendant Kuboushek had already received Rhonda Aho's motion to dismiss via certified mail at his law firm prior to that hearing.

49. In reality, he had received it via certified mail, as evidenced by the signed return receipt referenced in (**Exhibit F**).

50. While the court clerk refused to accept the filing due to a fee not being paid, Kuboushek nonetheless had actual notice of the filing.

51. His decision to withhold this information from the court constitutes a knowing misuse of the judicial process and supports Plaintiff's claim of abuse of process under color of law.

52. On or about March 20, 2025, Rhonda Aho filed a Notice of Procedural and Jurisdictional Defects, Fraud Upon the Court, and Unauthorized Filings (**Exhibit B**).

53. That notice documented material misrepresentations made by Defendant Kuboushek to the court, including his false claim that he had not been served with Rhonda Aho's motion to dismiss.

54. The notice also alleged that Kuboushek introduced perjured testimony by submitting a false affidavit from Jeff Woodford regarding the permit application.

55. On or about March 24, 2025, Plaintiff became aware of a Certificate of Representation filed in the underlying state case (**Exhibit C**), which listed Rhonda Aho as a pro se defendant and Jason Kuboushek and Emma Baker as attorneys for Cass County.

56. The certificate made no mention of Plaintiff Chad Cane, despite full knowledge by all parties and the court that he was the builder, occupant, and person impacted by the enforcement order.

57. These records confirm a continuing pattern of abuse of process and fraudulent court filings designed to exclude Plaintiff from participating in the proceeding while securing orders that affect his rights and property.

58. The intentional omission of Plaintiff from the Certificate of Representation, despite his known legal interest, further proves that Defendants acted under color of law to subvert court procedures and suppress due process.

59. On information and belief, Plaintiff has obtained a copy of the original land use permit application mailed to Rhonda Aho by Cass County Attorney Nicole Cayko.

60. The application contains multiple strikeouts in Clause 8, removing critical language that otherwise would have required written authorization from any non-owner involved in the construction.

61. The alterations removed language granting the County permission to enter the property and deleted responsibilities to comply with applicable laws.

62. This version was referenced by Nicole Cayko, Cass County Attorney in official correspondence, confirming that it was knowingly altered prior to submission and mailing.

63. Despite this, Defendants Josh Stevenson and Jeff Woodford each submitted a different, unaltered version of the application in separate proceedings.

64. Stevenson in federal court and Woodford in state court—attesting under penalty of perjury that it was a 'true and correct copy.'

65. These sworn statements were materially false. Each Defendant had access to the altered application, knew that it was the operative version, and deliberately submitted a standard, non-stricken version. The altered version is attached as **(Exhibit D)**.

66. This constitutes perjury, fraud upon the court, and a further act in Defendants' continued abuse of process, designed to suppress Plaintiff's involvement, evade constitutional scrutiny, and unlawfully justify enforcement actions.

67. Additionally, Defendant Jason Kuboushek violated Minnesota Statutes § 609.27, Subd. 1(5) by threatening criminal charges in a written letter dated September 20, 2023, directed to Rhonda Aho aimed at coercing compliance. (see Kalina v. Fletcher, 522 U.S. 118 (1997); Burns v. Reed, 500 U.S. 478 (1991); Malley v. Briggs, 475 U.S. 335 (1986).

68. Kuboushek, a private attorney without prosecutorial authority, stated that the County would pursue 'criminal charges' if the modified permit application was not accepted.

69. This constitutes a threat to 'make or cause to be made a criminal charge' in violation of § 609.27(1)(5), which is expressly prohibited unless made by a peace officer or prosecuting attorney in good faith.

70. Kuboushek acted under color of law to pressure Plaintiff into forfeiting constitutional rights without due process.

71. Even if the coercion failed, his actions meet the criteria for attempt under Minn. Stat. § 609.275.

72. These criminal threats, issued in coordination with county officials, further establish that Defendants used legal process not for justice, but as a weapon to silence, intimidate, and force

compliance from someone they had deliberately excluded from the legal proceeding. A true and correct copy of the letter is attached as **(Exhibit E)**.

73. This willful abuse of legal process, in concert with Cass County officials, was undertaken for the improper purpose of securing a state-court judgment to preclude Plaintiff's federal claims. These actions support a claim for abuse of process and liability under 42 U.S.C. § 1983.

## COUNT III – MONELL LIABILITY (Against Cass County)

74. Plaintiff references and incorporates the foregoing paragraphs.

75. A municipality is liable under ***Monell*** **when execution of a policy or custom inflicts constitutional injury. (*Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)).**

76. Cass County's unconstitutional actions were not isolated but were part of an entrenched and well-established custom of retaliation, intimidation, and disregard for property and due process rights.

77. This pattern is evidenced by documented incidents involving other property owners and even a board member — including the Kaehler and Albachten litigation **(Exhibit I)**, the Rafferty affidavit, **(Exhibit H)** the sworn Wesenberg declaration **(Exhibit J)**, and the retaliatory, belated enforcement against Northfab 40 after it was named in Plaintiff's 2024 federal complaint **(Exhibit K)** — each demonstrating similar bad-faith conduct by senior officials

78. Plaintiff notified the Cass County Board of Commissioners — final policymakers — of illegal actions by County officials and contractors as early as September 23, 2024. Despite this notice, the County ratified the conduct by failing to intervene and allowing continued violations, demonstrating deliberate indifference.

79. Defendants further violated Minn. Stat. § 555.11 by pursuing declarations that prejudiced Plaintiff's rights without joining him as a necessary party, a defect that the County continued to rely on despite notice, underscoring its deliberate indifference.

80. The County's tolerance and ratification of this pattern of unconstitutional enforcement, despite actual notice and documented prior incidents, reflects deliberate indifference and establishes ***Monell*** **liability under 42 U.S.C. § 1983.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment that Defendants violated Plaintiff's constitutional rights;

B. Enjoin Defendants from enforcing or acting under any order issued without proper joinder;

C. Award compensatory damages in an amount to be determined at trial;

D. Award punitive damages against individual Defendants for willful misconduct;

E. Award Plaintiff costs and attorneys' fees under 42 U.S.C. § 1988;

F. Grant any other relief the Court deems just and proper.

**G.** Declare that Cass County's policy, custom, and pattern of retaliatory enforcement violates the Constitution and enjoin further similar practices.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as of right.

## ANTICIPATED DEFENSES

Plaintiff anticipates that Defendants may assert affirmative defenses, including qualified immunity, quasi-judicial immunity, or abstention doctrines. Plaintiff pleads that such defenses are inapplicable here because Defendants acted knowingly and willfully outside the scope of lawful authority, without Board approval, and in violation of clear statutory and constitutional mandates. The conduct alleged herein was ultra vires and not protected by discretionary or good-faith immunity.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint to add additional claims or parties should further evidence of misconduct or liability emerge during discovery.

## EXHIBIT INDEX

| | |
|---|---|
| A | Most recent data request submitted by Plaintiff to Cass County regarding Iverson Reuvers retention and meeting records |
| A-1 | Related data request #1 submitted by Plaintiff to Cass County regarding Iverson Reuvers retention and meeting records |
| A-2 | Related data request #2 submitted by Plaintiff to Cass County regarding Iverson Reuvers retention and meeting records |

| | |
|---|---|
| B | Notice of Procedural & Jurisdictional Defects filed by Rhonda Aho in state court |
| C | Certificate of Representation omitting Chad Cane as a party |
| D | Altered Permit Application showing fabricated language |
| E | Threatening letter from attorney Jason Kuboushek to Plaintiff |
| F | Certified Mail Return Receipt showing Kuboushek's knowledge of filings |
| G | MCIT Bond Claim Denial letter confirming lack of coverage |
| H | Affidavit of Patrick Rafferty documenting intimidation by County Administrator Josh Stevenson |
| I | Excerpt from Complaint in Kaehler & Albachten v. Cass County, documenting retaliatory enforcement |
| J | Sworn Declaration of Nathanial Wesenberg (Cass County District Court, 11-CV-24-104), documenting trespass, destruction of property, and retaliation. |
| K | Email correspondence between Cass County and Polar Fox Outdoors (Northfab), showing disparate treatment and retaliatory enforcement after Plaintiff's federal complaint. |

## VERIFICATION

I, Chad Cane, verify under penalty of perjury under 28 U.S.C. § 1746 that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Dated: July 23, 2025

Respectfully submitted,

State of MN
County of Cass

Chad Cane, Plaintiff
1586 24th St SW
Pine River, MN 56474
chadcane@gmail.com